■ FLORENCE M. CLINTON, Appellant, v MARY A. JOHNSON, Individually and Doing Business as NEOPALATAN BAKE SHOP, Also Known as NEOPOLITAN BAKE SHOP, Respondent.—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Keniry, J.), entered March 21, 1989 in Rensselaer County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered July 21, 1989 in Rensselaer County, which, *inter alia,* denied plaintiff's motion to set aside the verdict.

In March 1986, plaintiff, then 70 years old, fell from the steps of Neopolitan Bake Shop in the City of Troy, Rensselaer County, and fractured her right proximal humerus. The bake shop was individually owned by defendant. Plaintiff brought this negligence action seeking compensation for the injuries and concomitant costs sustained in the fall. After a trial, the jury found that defendant was not liable for plaintiff's fall. Plaintiff's motion to set aside the verdict was denied. The subject appeal is from both the judgment and the order entered on the denial of the postverdict motion.

Plaintiff's theory of recovery was based on defendant's alleged negligence in renovating the steps of the bake shop in a manner that violated various provisions of the City of Troy Building Code. In support of that position, plaintiff's expert testified that the renovation work was required to meet the city's building code standards but upon completion the work failed to rise to that level. The expert was not, however, allowed to give his opinion as to the causal connection between the building code violations and plaintiff's accident. On this appeal, plaintiff argues that Supreme Court committed reversible error in unduly restricting the testimony of her expert. We disagree. Whether expert testimony is admissible on a particular point is a question addressed primarily to the discretion of the trial court *(see, De Long v County of Erie,* 60 NY2d 296, 307). Here, Supreme Court correctly reasoned that the issue of causal connection between building code violations and plaintiff's accident was a factual issue within the ken of the jury and so best left for jury determination *(see,* 58 NY Jur 2d, Evidence and Witnesses, §§ 640, 679, at 277, 327). Under the circumstances present here, the facts were stated by the expert but the conclusions were for the jury.

We also reject plaintiff's contention that the court's charge did not adequately explain the pertinent law to the jury. The landmark case of *Basso v Miller* (40 NY2d 233) set forth in clear and certain terms that the law of landowner liability depends on a standard of reasonable care. Essentially, a

landowner has a duty to maintain his property in a reasonably safe condition in view of all the circumstances *(supra,* at 241).* In dealing with a defect in property that is not readily apparent, the test depends on whether "it can be shown that the owner created the condition or that it had actual or constructive notice of the condition for such a reasonable period of time that in the exercise of reasonable care, the owner should have corrected it" *(Trujillo v Riverbay Corp.,* 153 AD2d 793, 794).* Here, Supreme Court charged: "if you find that defendant knew of the defective condition * * * or if you find that defendant did not know of the defective condition, but that in the exercise of reasonable care she should have known of it and corrected it, you will find that defendant was negligent." Clearly, Supreme Court's instructions were within the parameters of the applicable law.

Judgment and order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.