■ Marie E. Repka, Appellant, v Stephen J. Repka, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from (1) stated portions of a judgment of the Supreme Court, Nassau County (Yachnin, J.), dated October 9, 1991, which, after a nonjury trial before a Judicial Hearing Officer, *inter alia,* directed that the businesses of the parties be sold and the proceeds of the sale be divided equally between the parties after payment of all liabilities, including taxes, (2) an order of the same court dated February 14, 1992, which, *inter alia,* denied those branches of the wife's cross

motion which were, *inter alia,* for (a) unrestricted access to the marital property, and (b) amendment of the judgment so as to award the husband exclusive title to the marital residence with a distributive award to the wife of $131,000, and to add thereto a provision that the husband may only share in the $125,000 tax credit pursuant to 26 USC § 121 upon the sale of the marital residence if it is sold after the wife attains the age of 55 years, and (3) an order of the same court, also dated February 14, 1992, which, *inter alia,* denied the wife's motion for leave to enter a money judgment for certain child support arrears.

Ordered that the order dated February 14, 1992, which denied certain branches of the wife's cross motion, is modified, as a matter of discretion, by deleting the provision thereof denying that branch of the cross motion which was to amend the judgment with respect to the tax credit pursuant to 26 USC § 121 and substituting therefor a provision granting that branch of the cross motion and amending subparagraph (b) of the fifth decretal paragraph of the judgment by adding, after the words "and the Defendant shall be entitled to share in the $125,000 tax credit as if he were presently age 55", the words "provided, however, that such entitlement is conditioned on a sale of the marital residence by the plaintiff after she attains the age of 55"; as so modified, that order is affirmed insofar as appealed from; and it is further,

Ordered that the judgment, as so amended, is affirmed insofar as appealed from, without prejudice to an application by the wife, if she be so advised, in the Supreme Court, Nassau County, for (1) an accounting, or (2) the appointment of a receiver to sell the parties' businesses if they have not been sold by the husband within a reasonable time, and (3) if the marital residence is sold before the wife attains the age of 55 years, a return of any moneys received by the defendant purportedly representing his share of the $125,000 tax credit; and it is further,

Ordered that the order dated February 14, 1992, which denied the wife's motion, is affirmed; and it is further,

Ordered that the husband is awarded one bill of costs.

The parties were married on April 4, 1959, when the husband was 18 years old and the wife was 16 years old. Neither party finished high school. At the time of the marriage, the husband worked for his father's corporation, where he was in charge of the tool room. The parties are parents of four children, three of whom have reached their majority. The

major marital assets of the parties for purposes of equitable distribution consist of the parties' businesses, the marital residence, a Montauk vacation home, a parcel of land in New Mexico and a 34-foot Silverton boat, together with boating and fishing equipment. The parties stipulated to the sale of several assets, an equal division of the proceeds of sale after deduction of the costs of sale, including taxes, and a valuation date for these assets of November 19, 1987. The trial court adopted the parties' stipulation and directed the immediate sale of the parties' Silverton boat, their parcel of land located in New Mexico, and their Montauk vacation home, with the proceeds to be divided equally between the parties. However, the parties did not stipulate as to the total value of the businesses or the method of distribution, as no agreement was reached as to those questions. The husband, therefore, requested a direction for the sale of the businesses and an equal division of the net proceeds thereof, with due consideration of the tax consequences. The judgment appealed from directs, *inter alia,* that "the businesses of the parties shall be sold and the proceeds of sale shall be divided equally between the parties after payment of all liabilities, including taxes".

The wife contends that the husband's claim of his "purported retirement" is not credible and, therefore, the sale of the businesses, which would trigger enormous tax obligations, represents a wasteful dissipation of the major marital assets. The wife does not oppose the sale of the businesses, but contends that any retirement by the husband must be deemed voluntary in view of his young age and good health, and thus any tax consequences of such a sale should be borne solely by the husband. We disagree.

We agree with the court that the wife failed to demonstrate that the husband's decision to retire was a last minute trial tactic interposed to defeat her rights. Rather, the husband's intention to retire at about the time of an attempted reconciliation was supported by the testimony of the wife herself as well as by their adult son and the employees of the businesses. There was no testimony to rebut this assertion. Moreover, the record demonstrates that it was the wife who, after the parties' failed reconciliation attempt, changed her mind about either of them retiring and commenced the instant action. As the court stated, the wife's decision to obtain a divorce "should not be dispositive of the manner and place of the Husband's working, especially where * * * she chose to retire herself".

Because the tax burden occasioned by the gain is imposed

solely upon the spouse to whom the property is transferred where the property has appreciated in value since the time of its acquisition (26 USC § 1041), the New York State Legislature, revised the factors to be considered by the court in distributing marital property and directed the courts to consider the tax consequences to each party of such a distribution (Domestic Relations Law § 236 [B] [5]; *see, Shahidi v Shahidi,* 129 AD2d 627, 630). Here, both parties' accountants testified extensively about the tax consequences of any gain in the businesses and business assets. Based on this testimony, the court estimated that if the husband were to pay the wife a distributive award of 50% of the value of the business property at the selected valuation date, and then sold the businesses as he wanted to and had the right to, the wife would receive approximately $512,000 upon which no tax would be due, while the husband would receive approximately $153,000 after subtracting the tax due on both parties' shares of the proceeds. This would produce a clearly inequitable result. Where, as here, both parties have contributed equally to a marriage of long duration, a division of marital assets should be as equal as possible. In this case, awarding the family businesses to the husband, against his wishes, and awarding the wife a distributive award in lieu of her interest in the businesses, without consideration of the tax consequences, would be inequitable. Moreover, a sale of the businesses, as directed by the court, would resolve any issue of their value, including the tax consequences, with certainty. Furthermore, although there was much testimony by the parties' experts as to the tax consequences, the court noted that "[n]either party adequately informed the court as to the basis of the property". Thus, the court's direction that the businesses "be sold and *that the proceeds of the sale shall be divided equally between* the parties after the payment of all liabilities", was justified *(see, e.g., Shoenfeld v Shoenfeld,* 168 AD2d 674, 676). Accordingly, the court properly directed the sale and division of the net proceeds *after taxes.*

However, since the challenged provision does not include a time limitation, in order to protect the wife's interest in the businesses, the wife should have the right to apply to the Supreme Court for an accounting. If the businesses are not sold within a reasonable period of time, she may request the appointment of a receiver for the purpose of sale and distribution of the businesses.

Nor does the record support the wife's contention that the court improperly rejected certain findings by the Judicial

Hearing Officer. The economic matters were referred to the Judicial Hearing Officer to hear and report, not to hear and determine. Thus, it was within the trial court's discretion from the outset whether to accept all or portions of the Judicial Hearing Officer's report. Further, the Supreme Court has supervised this case from its inception. It presided over hearings and inquests and considered motions and cross motions. The court also read the entire record of the proceedings before the Judicial Hearing Officer, and reviewed counsels' analysis of the trial transcript as well as their memoranda of law. Consequently, in modifying what it found to be errors in the report based upon a careful review of the record and its own independent knowledge, the court was doing no more than acting in accord with its responsibility to supervise the Judicial Hearing Officer.

During the trial, the wife requested title to the marital residence as part of equitable distribution. The husband consented to the wife's request in that regard. The parties stipulated that the equity in the marital residence was $262,000. The Judicial Hearing Officer recommended that the husband be directed to convey his interest and receive an award of $131,000 less one half of the expenses incurred effectuating the transfer. The Supreme Court, in its memorandum decision, held that the wife should be awarded the marital residence and that the husband would receive "the sum of $131,000, less the taxes payable were the house to be sold now". The court directed that the husband would be entitled to share in the one-time $125,000 exclusion of gain on the house (see, 26 USC § 121) as if he were presently age 55, explaining that the wife "made it clear that she wanted the house to reside in with the parties' young son until his majority [when] she will have reached the age of 55 and be entitled to the full credit". The judgment of divorce includes this language. On December 5, 1991, in accordance with the judgment of divorce, the husband transferred title to the wife. Subsequent to the judgment of divorce, the parties stipulated to a transfer of custody of their minor child, Christopher, to the husband as of November 18, 1991. The wife no longer wishes to retain the marital residence. In her cross motion, inter alia, to amend the judgment, the wife, inter alia, requested that the court award exclusive title to the husband and give her a distributive award in its place. The court correctly found that the husband had already transferred title of the home to the wife and properly refused to amend the judgment as requested. However, it would be inequitable for

the wife to pay the husband a share of the proceeds from the sale of the marital residence based upon his assumed age of 55 while she will not receive such an exclusion if the house were sold now because she is not 55 herself. Therefore, the court should have directed that the judgment be amended to provide that the sharing in the $125,000 tax credit is contingent upon the wife selling the premises after she reaches the age of 55.

We have considered the wife's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.