*1087 OPINION OF THE COURT
Richard F. Braun, J.
This is an action for false arrest and false imprisonment, and malicious prosecution. The action was removed to this court, pursuant to CPLR 325 (d). Plaintiff claims that on April 28, 1986 he was unlawfully arrested and imprisoned by Carl Dyer (Dyer), a police officer of defendant the New York City Transit Authority (TA), and that then he was maliciously prosecuted for disorderly conduct (Penal Law § 240.20) and resisting arrest (Penal Law § 205.30).
Over the course of parts of two days, the attorneys for plaintiff and defendant TA[1] selected a jury, under the supervision of a Judicial Hearing Officer (JHO). The attorneys said that all of the inquiry of the jurors was done by the attorneys. As is customary practice in a civil action to be tried before a jury, the jury voir dire was not conducted on the record. During the jury selection process, the attorney for defendant TA made an oral motion before the JHO to disband the jury to the extent that it had been selected. The basis for the motion was that plaintiffs counsel had allegedly used his peremptory challenges in a racially discriminatory fashion. The JHO gave the attorney for defendant TA leave to make her motion subsequently to a Civil Court Judge. After jury selection was completed, the trial was assigned to this Judge, and the counsel for defendant TA renewed her motion.
Pursuant to CPLR 4109, each party to a civil action generally has three peremptory challenges to use regarding regular jurors and one for each alternate juror. Different from challenges for cause (CPLR 4110), peremptory challenges may be exercised against a regular juror for any or no reason, with a significant exception. A peremptory challenge may not be used in an impermissibly discriminatory fashion to exclude a prospective juror, including because of his or her race (Edmonson v Leesville Concrete Co., 500 US 614 [1991]; Batson v Kentucky, 476 US 79 [1986]; People v Scott, 70 NY2d 420 [1987]; Fox, Bias Found in Picking Jury for Civil Suit, NYLJ, Nov. 10, 1988, at 1, col 5, and Today’s News, NYLJ, Dec. 8, 1988, at 1, col 2, both discussing Taylor v Fisher Liberty Co., NYLJ, Dec. 8, 1988, at 24, col 5 [Sup Ct, NY County]; see also, J.E.B. v Alabama ex reí. T.B., 511 US —, 128 L Ed 2d 89 [1994] [same as to female jurors]; People v Hernandez, 75 NY2d 350, 356 *1088 [1990], affd Hernandez v New York, 500 US 352 [1991] [same as to Latino jurors]; People v Irizarry, 165 AD2d 715 [1st Dept 1990] [same as to female jurors]; cf., People v Kaplan, 176 AD2d 821 [2d Dept 1991] [holding that the prosecution provided sufficient reasons for excluding two prospective jurors with "Jewish-sounding names” and two potential African-American alternate jurors]).
This court held a hearing on the motion of defendant TA (see, Batson v Kentucky, supra, 476 US, at 100; People v Scott, supra, 70 NY2d, at 426). At the hearing, both the attorneys for defendant TA and plaintiff argued their client’s positions, explained their behavior during the jury selection process, and introduced their jury voir dire notes into evidence. Furthermore, the JHO stated on the record at the hearing his impressions regarding the use of peremptory challenges by plaintiffs attorney.[2] The court made efforts to determine whether the challenged jurors could be brought to the courtroom for further inquiry, but was informed that they were not available because they had been dispersed to various other jury panels (see, People v Irizarry, supra, 165 AD2d, at 718).
Plaintiff and plaintiffs trial counsel are both Caucasian men. Police Officer Dyer is an African-American man, and the trial attorney for defendant TA is an African-American woman.
There were three African-American women on the initial jury panel and no African-American men. Plaintiffs attorney used his three peremptory challenges to remove those three women from the jury. Thereafter, an African-American man and an African-American woman were seated on the jury panel. Plaintiffs attorney had no more peremptory challenges to exercise against them, as he had already used up all of his allotted peremptory challenges.
The moving party has the burden of proving that the attorney for the other party has purposely discriminated in jury voir dire (Batson v Kentucky, supra, 476 US, at 93). Once the burden has been met by the moving party, the burden shifts to the other party to give sufficient reasons for the *1089 exclusion of the prospective jurors (Batson v Kentucky, supra, at 94).
Defendant TA met its burden by demonstrating that plaintiff’s counsel used all of his peremptory challenges to remove the only African-Americans on the jury panel at the time (Edmonson v Leesville Concrete Co., supra, 500 US, at 630; Batson v Kentucky, supra, 476 US, at 96-97; People v Scott, supra, 70 NY2d, at 425). Furthermore, the attorney for defendant TA stated that, after a dispute arose subsequently over how many peremptory challenges each attorney had left, the JHO offered to give each attorney one more peremptory challenge, until plaintiff’s counsel asserted that he would use it to strike a subsequently seated fourth African-American juror.
Once the burden shifted to plaintiff, plaintiff did not meet his burden. His attorney stated that the reason that he removed the three African-American prospective jurors was that the Caucasian jurors were better qualified to act as jurors on this particular case, including due to their educational backgrounds. He in no way supported that conclusion with any specifics as to the educational backgrounds of either the African-American or Caucasian prospective jurors, or with any other specifics as to the relative qualifications of the former versus the latter. Nor did he explain why any special level of education was needed to serve as a juror on this particular case. The attorney for defendant TA, on the other hand, stated that one of the removed African-American prospective jurors was a school teacher of special education and another was a production manager at a textile company.
When plaintiff’s attorney was asked by this court as to each of the three challenged jurors to specify any further reasons for challenging each juror, he said that he could not remember why he challenged each one. His assertion at that point that he could not remember any other specifics of his challenges from one day earlier is not credited by this court.
Plaintiff’s attorney later indicated that he challenged one of the African-American women because she was a grandmother on the verge of retirement who wanted to spend more time with her grandchildren, and thus might be distracted from jury service. Defendant TA’s attorney stated that plaintiff’s attorney was not even identifying that juror correctly. That explanation by plaintiff’s counsel is discredited by this court as a vain attempt by him to stretch to come up with some *1090 justification for his actions. Even if the court credited his explanation, his striking of the other two African-American jurors for racial reasons was constitutionally impermissible (People v Jenkins, 75 NY2d 550, 559 [1990]).
Plaintiff’s attorney further argued that the counsel for defendant TA subsequently employed her three peremptory challenges to remove three prospective Caucasian jurors from the panel and thus that the attorney for defendant TA did not have clean hands. First, as the attorney for defendant TA stated, after plaintiff’s attorney exercised his three peremptory challenges, there were only Caucasians among the three prospective jurors left on the jury panel until new jury prospects were added to the panel. Second, she gave a satisfactory explanation at least as to why she struck one juror. More important, the concept barring the impermissible use of peremptory challenges is not based on equity, but rather on the constitutional provision of equal protection of law (Swain v Alabama, 380 US 202, 203-204 [1965]). The discriminatory use of peremptory challenges by a party to civil litigation is not only violative of the rights of the opposing party but also of the prospective jurors improperly removed, who have the right to be selected to serve on a jury, and furthermore such discrimination is an affront to American society and our system of justice (Edmonson v Leesville Concrete Co., supra, 500 US, at 618-619; see, Batson v Kentucky, supra, 476 US, at 87; People v Irizarry, supra, 165 AD2d, at 717). Thus, even if the attorney for defendant TA had also improperly exercised her peremptory challenges, that would in no way excuse the unconstitutional use thereof by plaintiff’s attorney.
Finally, only after counsel for defendant TA said that she had in part employed her peremptory challenges against one or two Caucasian jurors because of her perceived lack of eye contact with that juror or jurors did plaintiff’s counsel state that he was not getting the same degree of "concentration and attention”, including satisfactory eye contact, from the African-American jurors. The court does not credit his explanation, as he seemed to be borrowing it from the attorney for defendant TA.
Although it may have been good trial strategy for plaintiff and his attorney to attempt to keep prospective African-American jurors off the jury which would sit in this action, such a *1091 motive is constitutionally barred. This court found that such was the motive of plaintiff. Therefore, the jury was disbanded, and the parties were ordered to pick a new jury, under the supervision of the JHO and this court.

. Defendant The City of New York had earlier settled with plaintiff for $1,000.

. The JHO was asked to take the stand by this court. Although the court gave significant weight to the JHO’s conclusion that plaintiffs attorney had not exercised his peremptory challenges with biased motivation, because the JHO was at jury selection, the court placed the greatest weight on the explanations of the attorneys for the parties, which the JHO did not have the benefit of hearing.