■ LAWRENCE A. ANCRUM et al., Appellants, v WILLIAM EISENBERG, Respondent. [615 NYS2d 14] —Judgment of the Supreme Court, New York County (Walter M. Schackman, J., on the application; Stanley Sklar, J., at trial), entered November 18, 1992 which, after a jury verdict in favor of defendant, dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, and the matter remanded to Supreme Court for a new trial.

Plaintiff Lawrence Ancrum alleges that, by reason of defen-

dant's malpractice in rendering podiatric care and treatment, he suffers pain and continues to require extensive medical care and treatment. Specifically, it is alleged that Dr. Eisenberg was negligent in failing to employ internal or external fixation during surgery to correct a nonunion on the first metatarsal of the right foot, a site at which he had performed a previous radical bunionectomy. The complaint also includes a cause of action by plaintiff's wife for loss of consortium.

Plaintiffs' main argument on appeal is that defendant exercised his peremptory challenges for discriminatory purposes in violation of the Equal Protection Clauses of the Federal and State Constitutions. Plaintiffs' counsel moved to disband the jury on the grounds that: "My clients, the Ancrums, are black and it is my contention that they are being denied a fair cross section of the community in that the only black jurors that were in the empaneling room have been systematically excluded by my adversary."

In response, defense counsel offered race-neutral explanations for using his three peremptory challenges to exclude three black persons from the panel. He noted that one "was the mother of seven and a widow" who would presumably identify with the financial hardship experienced by plaintiffs due to income lost as a result of the alleged malpractice. A second potential juror had received "extensive podiatric treatment at various times." The third assisted a Traffic Court Judge and "mentioned that everyone is considered guilty until proven innocent in Traffic Court."

Supreme Court denied the motion, ruling: "I don't believe that the Plaintiff has made out any sufficient proof of any systematic exclusion on the grounds of race. There were reasonable grounds for you [to] exercise peremptory challenges on these potential jurors."

Plaintiffs have stated a prima facie case of discrimination. Plaintiffs are black, defense counsel had only three peremptory challenges and used all three to exclude the only potential black jurors (see, Batson v Kentucky, 476 US 79, 96-97). Therefore, the issue on appeal is whether the court abused its discretion in determining that defense counsel offered nonpretextual, race-neutral explanations for these challenges. We note that the only reason stated by defense counsel directly relevant to the circumstances of this case is the podiatric treatment of one prospective juror and, even with respect to this individual, there is no indication that the experience with treatment was negative.

Defendant relies on the principle that great deference should be accorded a court's determination that a race-neutral explanation for a peremptory challenge is not mere pretext *(People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352). However, that decision rests on the advantage of the ruling court in being able to observe the demeanor of the attorney who exercises the challenge *(Hernandez v New York,* 500 US 352, *supra).* In the matter on appeal, the Justice who heard the application to disband the jury was not present during the voir dire. Unlike a criminal trial, no minutes are generally taken of the voir dire in a civil matter. Therefore, this Court is placed in the untenable position of attempting to evaluate the proffered explanations in a vacuum. In view of the disposition in this matter, it is unnecessary to reach plaintiffs' other contentions.

The unpublished decision and order of this Court entered herein on June 21, 1994 is *sua sponte* recalled and vacated. Concur—Murphy, P. J., Carro, Rubin and Williams, JJ.