■ Ezz HAMZA, Respondent, v MONA HAMZA, Appellant. [668 NYS2d 677] —In an action for a divorce and ancillary relief, the wife appeals from stated portions of a judgment of the Supreme Court, Rockland County (Miller, J.), dated November 18, 1996, which, after a nonjury trial, *inter alia,* (1) failed to apply the

Child Support Standards Act (Domestic Relations Law § 240 [1-b]) to the combined family income above $80,000, (2) failed to order equal distribution of the husband's employment incentive agreement dated August 9, 1995, and (3) held that she was responsible for 50% of the marital debt.

Ordered that the judgment is modified, on the law and the facts, by deleting from the 16th decretal paragraph the words "defendant is awarded a one-third share of the amounts which are to become due under the said contract as her equitable distribution in the following manner" and provisions (a), (b), and (c) thereof, and substituting therefor the following: "the defendant is awarded a one-half share of the amounts which are to become due under the said contract as her equitable distribution"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred when it failed to distribute the proceeds which are to become due under the husband's employment incentive agreement with Barr Laboratories, Inc. equally between the parties, since there was ample testimony presented at trial regarding the wife's substantial contributions as spouse, homemaker, and parent throughout the marriage, all of which allowed the husband to continue his career (*see, Repka v Repka*, 186 AD2d 119; *Poretsky v Poretsky*, 176 AD2d 713, 714; *Bisca v Bisca*, 108 AD2d 773). Further, since the agreement did not require that the proceeds be used for the higher education of the parties' children, the court should not have given the husband one-third of the proceeds to be used as he saw fit, while requiring that the other two-thirds be used exclusively for the higher education of the parties' children. Additionally, it was premature for the court to apportion the parties' obligation to contribute to the future college expenses of their children, in view of the fact that the children's entry into college is several years away, and no evidence was presented as to the children's academic abilities and interest, or possible choice of college, or what their expenses would be (*see, Friedman v Friedman*, 216 AD2d 204).

The wife's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.