■ CARMELA RIGGIO et al., as Parents and Natural Guardians of NICOLE RIGGIO, an Infant, Appellants, v NEW CREATION FELLOWSHIP OF BUFFALO, Respondent. [671 NYS2d 397] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' motion to set aside the jury verdict. A jury verdict should not be set aside as against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion or the verdict is not one reasonable persons could have rendered after receiving conflicting evidence (*see, Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608). A fair interpretation of the evidence supports the jury verdict of no cause of action. Based upon the conflicting proof adduced at trial, the jury could rationally conclude that the preponderance of the evidence did not support plaintiffs' version of the accident (*see, Felgenhauer v Atlantic & Pac. Tea Co.*, 94 AD2d 737).

We reject plaintiffs' contention that the court improperly permitted defendant to exercise its peremptory challenges to exclude two of the three black prospective jurors. Defendant's attorney offered a race-neutral explanation for those challenges, and the court's acceptance of that explanation as non-

pretextual is entitled to great deference (*see, People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352; *Ancrum v Eisenberg*, 206 AD2d 324, 326, *appeal dismissed* 85 NY2d 853, 1027). Further, the court was entitled to reject the contrary determination of the Judicial Hearing Officer who supervised jury selection with respect to one of the challenged jurors (*see, Repka v Repka*, 186 AD2d 119, 122-123).

Finally, we conclude that the court's charge to the jury on the issue of defendant's notice of the allegedly defective condition adequately conveyed the applicable law (*see, McCluskey v West Bradford Corp.*, 177 AD2d 744, 745-746, *lv denied* 80 NY2d 753; *Clinton v Johnson*, 167 AD2d 772, 772-773). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Set Aside Verdict.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.