■ SYLVIA SMITH, Appellant, v UNITED SKATES OF AMERICA, INC., Respondent. [714 NYS2d 724] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated October 13, 1999, which, upon a jury verdict in favor of the defendant and against her, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In *Edmonson v Leesville Concrete Co.* (500 US 614), the United States Supreme Court extended the anti-discriminatory rule of *Batson v Kentucky* (476 US 79) to civil cases (*see, Riggio v New Creation Fellowship,* 249 AD2d 942; *Superior Sales & Salvage v Time Release Sciences,* 227 AD2d 987; *Ancrum v Eisenberg,* 206 AD2d 324; *Siriano v Beth Israel Hosp. Ctr.,* 161 Misc 2d 512; *O'Neill v City of New York,* 160 Misc 2d 1086).

Contrary to the plaintiff's contentions, she did not prove, prima facie, that the defendant used its peremptory challenges in a racially-discriminatory manner. As this Court has observed, "[i]t is incumbent upon the party mounting a *Batson* challenge to 'articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed' " (*People v Williams,* 253 AD2d 901, 902, quoting *People v Childress,* 81 NY2d 263, 268). While "a disproportionate number of strikes challenging members of a particular racial group * * * may be sufficient to create an inference establishing a prima facie claim * * * [g]enerally, however, percentages will not be conclusive of the issue" (*People v Bolling,* 79 NY2d 317, 324). A bare assertion that there has been a disproportionate number of strikes against a minority group will generally not suffice to establish a prima facie case (*see, People v Williams, supra; People v Gray,* 243 AD2d 648).

In the companion case to *People v Bolling (supra), People v Steele* (79 NY2d 317), the prosecutor's use of three of four peremptory challenges against black prospective jurors was held to be insufficient, standing alone, to establish a prima facie case (*see, People v Steele, supra*, at 325). Here, the defense used two of three available peremptory challenges to strike two of four black prospective jurors. Standing alone, as no other persuasive direct or circumstantial evidence was adduced, the plaintiff failed to establish a prima facie case of discrimination.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.