■ MARK DORITY et al., Respondents, v DAVID R. HOOTNICK, M.D., et al., Appellants. [775 NYS2d 628]—

Appeal from a judgment of the Supreme Court, Onondaga County (William R. Roy, J.), entered November 18, 2002. The judgment was entered upon a jury verdict in favor of plaintiffs in a medical malpractice action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendants appeal from a judgment in this medical malpractice action entered upon a jury verdict finding that defendant David R. Hootnick, M.D. and a nurse assistant employed by defendant University Orthopedics & Sports Medicine, P.C. were negligent in their care and treatment of Mark Dority (plaintiff) and that their negligence was a proximate cause of the injuries sustained by him. We reject defendants' contention that the initial verdict rendered by the jury was proper and that Supreme Court therefore erred in directing the jury to reconsider its verdict. "Generally speaking, a finding of negligence is not inconsistent with a finding of no proximate cause" (*Vera v Bielomatik Co.*, 199 AD2d 132, 133 [1993]). Here, however, the initial verdict was inconsistent. The jury found that both Dr. Hootnick and the nurse assistant were negligent and that their negligence was not a proximate cause of plaintiff's injuries, but the jury nevertheless awarded damages, contrary to the instructions on the verdict sheet. Upon returning the initial verdict, the jury foreman specifically noted that the jury misunderstood the instructions, and the court thereupon properly directed the jury to reconsider its verdict (*see* CPLR 4111 [c]).

Defendants failed to preserve for our review their contention that the court should have further instructed the jury on proximate cause when it directed the jury to reconsider its verdict (*see Rokitka v Barrett*, 303 AD2d 983, 984 [2003]). We reject defendants' contention that the verdict is against the weight of the evidence with respect to both Dr. Hootnick and the nurse assistant. Defendants presented expert medical testimony that conflicted with that presented by plaintiffs, and the verdict is supported by a fair interpretation of the evidence (*see Riggio v New Creation Fellowship of Buffalo*, 249 AD2d 942 [1998]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]).

We have reviewed defendants' remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.