■ ANDREW FOWLER, Appellant, v CCS QUEENS CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. BDT CONTRACTING CORP., Third-Party Defendant-Respondent. [719 NYS2d 270] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 16, 1999, as granted those branches of the respective motions of the respondents CCS Queens Corporation and R&A Construction Corporation, and the respondent 61-01 Realty Corporation, which were for summary judgment dismissing his cause of action based on Labor Law § 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was employed as a truck driver by BDT Contracting Corporation (hereinafter BDT). The plaintiff was injured while attempting to bend a rod that was hanging over the side of a tractor trailer, as instructed by BDT. As the plaintiff pushed the rod, it sprung back and hit him on the right side of his head. CCS Queens Corporation (hereinafter CCS) was the general contractor at the construction site and 61-01 Realty Corporation was the owner of the construction site. CCS contracted R&A Construction Corporation to perform excavation work, who in turn subcontracted BDT, to assist with the excavation work.

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the respondents' respective motions which were for summary judgment dismissing his Labor Law § 241 (6) cause of action. The Industrial Code provisions cited by the plaintiff are either inapplicable to the case at bar (*see,* 12 NYCRR 23-1.7 [e] [2]; 23-1.8 [c] [1]; *McCole v City of New York,* 221 AD2d 605) or lack the specificity required to qualify as a predicate for liability under Labor Law § 241 (6) (*see,* 12 NYCRR 23-2.1 [b]; *Lynch v Abax, Inc.,* 268 AD2d 366; *Mendoza v Marche Libre Assocs.,* 256 AD2d 133).

The instant case is distinguishable from our decision in *Her-*

*man v St. John's Episcopal Hosp.* (242 AD2d 316), since in that case only the provision of 12 NYCRR 23-2.1 (a) was at issue, where as here the plaintiff relies on 12 NYCRR 23-2.1 (b). Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.