■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODY AUGUSTINE, Appellant. [738 NYS2d 242] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered December 2, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his Batson claim (see, Batson v Kentucky, 476 US 79) with respect to the prosecutor's peremptory challenge of prospective juror number seven. We disagree. In determining whether a party has exercised peremptory challenges in a discriminatory manner, the courts have utilized a three-step process (see, People v Payne, 88 NY2d 172, 181; People v Allen, 86 NY2d 101, 104). In this case, the prosecutor satisfied her burden under step two of the test by proffering race-neutral reasons for the exercise of her peremptory challenge. Accordingly, the

burden of persuasion then shifted to the defendant under step three to show that the reasons put forth by the prosecutor should be rejected as pretextual (*see, People v Payne, supra* at 181; *People v Richie,* 217 AD2d 84, 87). The defendant failed to sustain this burden and therefore, the trial court properly denied his *Batson* motion.

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.