■ Roberto Torres et al., Appellants, v Educational Alliance, Inc., et al., Respondents. [752 NYS2d 80] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, inter alia, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Held, J.), dated June 22, 2001, which, upon a jury verdict on the issue of damages, is in favor of the plaintiff Roberto Torres and against the defendants in the principal sum of only $100,000 for past pain and suffering, $50,000 for future pain and suffering, $18,500 for past lost earnings, $50,000 for future lost earnings, and $16,500 for past medical expenses, and is in favor of the plaintiff Lourdes Torres and against the defendants in the principal sum of only $15,000 on her derivative claim.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding the plaintiff Roberto Torres the sum of $100,000 for

past pain and suffering and $50,000 for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the plaintiffs, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the sum of $100,000 to the sum of $200,000, and for future pain and suffering from the sum of $50,000 to the sum of $200,000, and to the entry of an amended judgment accordingly; in the event that the defendants so stipulate, then the amended judgment, as so increased and amended, is affirmed, without costs or disbursements.

While the anti-discrimination rule of *Batson v Kentucky* (476 US 79) applies to civil cases (*see Edmonson v Leesville Concrete Co.*, 500 US 614; *Smith v United Skates of Am.*, 276 AD2d 620), there is no merit to the plaintiffs' contention that the defendants exercised peremptory challenges against three prospective Hispanic jurors in a racially-discriminatory manner. After the defendants provided facially-neutral reasons for rejecting the challenged jurors (*see People v Payne*, 88 NY2d 172, 181; *People v Allen*, 86 NY2d 101, 109-110), the burden shifted to the plaintiffs to demonstrate that the explanations were pretextual (*see People v Payne, supra* at 181). The plaintiffs failed to sustain their burden of demonstrating that the disputed challenges were the product of purposeful discrimination (*see People v Huggins*, 292 AD2d 543, *lv denied* 98 NY2d 676; *People v Augustine*, 291 AD2d 567, *lv denied* 98 NY2d 694; *People v Coleman*, 287 AD2d 648; *People v Smocum*, 286 AD2d 782; *see generally Hernandez v New York*, 500 US 352, 364-365).

While leave to supplement or amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise (*see* CPLR 3025 [b]), when leave is sought on the eve of trial, judicial discretion should be exercised sparingly (*see Danne v Otis El. Co.*, 276 AD2d 581; *Reape v City of New York*, 272 AD2d 533; *DeNicola v Mary Immaculate Hosp.*, 272 AD2d 505; *Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555). Moreover, where there has been an inordinate delay in seeking leave to amend, the plaintiff must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see Volpe v Good Samaritan Hosp.*, 213 AD2d 398; *Simino v St. Mary's Hosp. of Brooklyn*, 107 AD2d 800).

The plaintiffs moved for leave to serve a supplemental bill of particulars after summary judgment on the issue of liability had been granted and after jury selection on the damages trial began. The plaintiffs failed to provide a reasonable excuse for the delay, and did not provide an affidavit of merit in support of the proposed supplemental bill. Thus, the Supreme Court providently exercised its discretion in denying their motion.

The awards for past pain and future pain and suffering are inadequate to the extent indicated herein.

The plaintiffs' remaining contention is dehors the record (*see People v Davis,* 166 AD2d 453; *People v Jackson,* 119 AD2d 587). O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.