■ MARIA ROSSE-GLICKMAN, Appellant, v BETH ISRAEL MEDICAL CENTER-KINGS HIGHWAY DIVISION et al., Respondents. [766 NYS2d 67] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Belen, J.), dated June 11, 2002, which granted the separate motions of the defendants Beth Israel Medical Center-Kings Highway Division and Kanhaiyalal Kantu, which were to strike the plaintiff's second supplemental bill of particulars, and (2) an order of the same court dated January 26, 2003, which denied her motion pursuant to CPLR 3025 for leave to amend her verified bill of particulars.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff's second supplemental bill of particulars alleged new theories of negligence not raised either in the complaint or in the original bill of particulars. Therefore, the plaintiff was not entitled to serve the second supplemental bill of particulars, after the note of issue was filed, without leave of the court (*see Barrera v City of New York,* 265 AD2d 516, 517 [1999]).

While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise (*see* CPLR 3025 [b]), when, as here, leave is sought on the eve of trial, judicial discretion should be exercised sparingly (*see Torres v Educational Alliance,* 300 AD2d 469, 470 [2002]). Moreover, where, as here, there has been an unreasonable delay in seeking leave to amend, the plaintiff must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see Torres v Educational Alliance, supra; Volpe v Good Samaritan Hosp.,* 213 AD2d 398, 399 [1995]). In this case, the plaintiff failed to satisfy either requirement. In any event, substantial prejudice to the defendants is apparent in that the amendment seeks to add new theories of recovery which were not readily discernible from the allegations in the complaint and the original bill of particulars (*see Leon v Central Gen. Hosp.,* 156 AD2d 338, 339 [1989]). Therefore, the Supreme Court properly denied the plaintiff's motion for leave to amend. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.