ROBERT MADIR, Respondent, v 21-23 MAIDEN LANE REALTY, LLC, et al., Respondents-Appellants, and MOLTEN METAL, INC., Appellant-Respondent, et al., Defendant. [780 NYS2d 369]—

In an action to recover damages for personal injuries, (1) the defendant Molten Metal, Inc., appeals from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated September 29, 2003, as denied that branch of its cross motion which was for summary judgment dismissing the common-law negligence cause of action and all cross claims insofar as asserted against it, and the defendants 21-23 Maiden Lane Realty LLC, and Regal Investments, Inc., cross-appeal from stated portions of the same order, and (2) the defendants 21-23 Maiden Lane Realty, LLC, and Regal Investments, Inc., appeal, as limited by their brief, from so much of an order of the same court dated September 8, 2003, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted the plaintiff's cross motion for leave to amend his bill of particulars.

Ordered that the order dated September 29, 2003, is reversed insofar as appealed from, on the law, and that branch of the cross motion of the defendant Molten Metal, Inc., which was for summary judgment dismissing the common-law negligence

cause of action and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the order dated September 8, 2003, is reversed insofar as appealed from, on the law, the motion of the defendants 21-23 Maiden Lane Realty, LLC, and Regal Investments, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and the plaintiff's cross motion for leave to amend his bill of particulars is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants 21-23 Maiden Lane Realty, LLC, Regal Investments, Inc., and Molten Metal, Inc., appearing separately and filing separate briefs.

The plaintiff, an employee of Atlas Construction Corp. (hereinafter Atlas), was working as a carpenter at a renovation project in a building owned by the defendant 21-23 Maiden Lane Realty, LLC (hereinafter Maiden Lane) and managed by the defendant Regal Investments, Inc. (hereinafter Regal). Atlas was the general contractor, and the defendant Molten Metal, Inc. (hereinafter Molten Metal), was a welding subcontractor. The plaintiff allegedly sustained injuries when, in preparation for performing work on a designated location of a floor, he and a coworker attempted to move a long heavy metal object on the floor that was obstructing the location, and the object fell on his foot. The plaintiff commenced this action against, among others, Maiden Lane, Regal, and Molten Metal, asserting claims founded on common-law negligence and violations of Labor Law § 241 (6). For the reasons set forth herein, the complaint should have been dismissed in its entirety.

With respect to the common-law negligence claim, Maiden Lane, Regal, and Molten Metal presented evidence in support of their motions for summary judgment that there was no dangerous condition, and that the plaintiff's injury resulted from the unsafe manner in which he attempted to move the metal object. They also presented evidence that they did not supervise or control the plaintiff's method of operation. The plaintiff failed to raise a triable issue of fact in opposition. The plaintiff's account of the accident established that there was no dangerous condition on the premises that caused the accident, but rather, it was caused by the manner in which he attempted to move the object (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]). Moreover, the plaintiff's allegation that the president of Maiden

Lane and Regal directed him to perform the work was insufficient to raise a triable issue of fact as to whether Maiden Lane or Regal exercised supervision or control over the methods of his work (*see Comes v New York State Elec. & Gas Corp., supra; Lombardi v Stout, supra*).

The plaintiff also asserts that there is a triable issue of fact as to whether Molten Metal was responsible for removing the object from the premises. Even if Molten Metal was obligated to remove the metal object, it cannot be held liable because such a failure, as a matter of law, was not a proximate cause of the plaintiff's injuries and merely furnished the occasion for the subsequent intervening action by the plaintiff in attempting to move the object (*see Torres v Hallen Constr. Corp.*, 226 AD2d 364, 365 [1996]; *see also Derdiarian v Felix Contr. Co.*, 51 NY2d 308, 314-316 [1980]). Accordingly, all of the defendants were entitled to summary judgment dismissing the negligence cause of action.

Further, Maiden Lane, Regal, and Molten Metal were entitled to dismissal of the Labor Law § 241 (6) cause of action alleging violations of 12 NYCRR 23-1.5, 23-2.1 (b), 1.7 (e), and 23-3.3 (h). Sections 23-1.5 and 23-2.1 (b) of the Industrial Code lack the specificity required to support a cause of action under Labor Law § 241 (6) (*see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Fowler v CCS Queens Corp.*, 279 AD2d 505 [2001]; *Lynch v Abax, Inc.*, 268 AD2d 366, 367 [2000]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). Section 23-1.7 (e) of the Industrial Code is inapplicable because the instant case does not involve tripping hazards, and section 23-3.3 (h) of the Industrial Code is inapplicable because the plaintiff was not involved in the "[d]emolition of structural steel by hand."

Accordingly, since Maiden Lane, Regal, and Molten Metal are entitled to summary judgment, and the action insofar as asserted against the defendant Atlas Construction Corp. was previously discontinued, the complaint and all cross claims should have been dismissed in its entirety. In light of our determination, the plaintiff's cross motion for leave to amend his bill of particulars, and the remaining contentions of Maiden Lane and Regal raised on their cross appeal, have been rendered academic. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.