■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD GOODING, Appellant. [780 NYS2d 915]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered March 15, 2001, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In the second step of a defendant's challenge to the removal of prospective jurors based on *Batson v Kentucky* (476 US 79 [1986]), the prosecutor is required to proffer facially race-neutral explanations for the peremptory strikes (*see Hernandez v New York,* 500 US 352, 360 [1991]; *People v Payne,* 88 NY2d 172, 181 [1996]; *People v Augustine,* 291 AD2d 567 [2002]; *People v Richie,* 217 AD2d 84, 86-87 [1995]). The court must then determine whether the explanation was a pretext for discrimination (*see People v Payne, supra,* at 183-84; *People v Allen,* 86 NY2d 101, 110 [1995]).

The defendant met his burden of showing that the prosecutor's reason for the exercise of a peremptory challenge to a prospective juror was a pretext for racial discrimination (*see People v Pierrot,* 289 AD2d 511 [2001]; *People v Richie, supra*). Under the circumstances of this case, the Supreme Court should have determined that the explanation was pretextual.

In view of the error in denying the defendant's *Batson* challenge, a new trial is ordered.

The defendant's contention in his supplemental pro se brief that the Supreme Court improperly denied that branch of his omnibus motion which was to suppress identification testimony is without merit. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.