■ Susan Cohen et al., Appellants, v Victor Ho, Respondent, et al., Defendants. [833 NYS2d 542]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered November 29, 2005, which, upon an order of the same court dated June 8, 2005, granting the motion in limine of the defendant Victor Ho to preclude the plaintiffs' expert from testifying at trial and to dismiss the complaint and, in effect, denying their motion for leave to amend the bill of particulars, is in favor of the defendant Victor Ho and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

"While leave to supplement or amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise (*see* CPLR 3025 [b]), when leave is sought on the eve of

trial, judicial discretion should be exercised sparingly" (*Torres v Educational Alliance*, 300 AD2d 469, 470 [2002]; *see Rosse-Glickman v Beth Israel Med. Ctr.-Kings Highway Div.*, 309 AD2d 846 [2003]). In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom (*see Matter of Goggins*, 231 AD2d 634 [1996]; *Caruso v Anpro, Ltd.*, 215 AD2d 713 [1995]). In addition, the court must examine the underlying merit of the proposed amendment "since to do otherwise would be a waste of judicial resources" (*McKiernan v McKiernan*, 207 AD2d 825 [1994]; *see Polizzi v Profaci*, 5 AD3d 456 [2004]).

Here, the trial court providently exercised its discretion by, in effect, denying the plaintiffs' motion for leave to amend the bill of particulars during the trial to include a different theory of medical malpractice. The plaintiffs gave no excuse for their delay in seeking the amendment (*see Torres v Educational Alliance, supra*) and such delay would have been prejudicial to the defendant Victor Ho (hereinafter the defendant), as the plaintiffs sought to add a theory of recovery which was not readily discernible from the allegations in the complaint and the original bill of particulars (*see Rosse-Glickman v Beth Israel Med. Ctr.-Kings Highway Div., supra* at 846). Consequently, the trial court properly granted the defendant's motion to preclude the plaintiffs' expert from testifying at trial as to this theory, and thus, the court properly dismissed the complaint since the plaintiff failed to establish a prima facie case at trial.

Moreover, the plaintiffs' contention that this issue was previously determined by a court of coordinate jurisdiction, which determination became the law of the case, is raised for the first time on appeal (*see Nobles v Procut Lawns Landscaping & Contr., Inc.*, 7 AD3d 768 [2004]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 247 AD2d 475 [1998]), and, in any event, is without merit. This issue was not resolved on the merits in the prior determination (*see Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay*, 21 AD3d 964, 966 [2005]), nor did the defendant have a "full and fair" opportunity to litigate the issue (*People v Evans*, 94 NY2d 499, 502 [2000]). Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.