■ JORGE NAVARETTE, Appellant, v MICHAEL ALEXIADES et al., Respondents, et al., Defendants. [855 NYS2d 260]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered February 21, 2006, as granted the motion of the defendant Michael Alexiades, and the separate motion of the defendants Barry Waldman, Gary S. Shapiro, and Hospital for Special Surgery to preclude his experts from testifying at the trial on the ground that he failed to timely provide expert witness disclosure pursuant to CPLR 3101 (d) to the extent of directing him to serve new expert responses from the same physicians limited to the allegations claimed in the original bill of particulars, and (2) from an order of the same court, also entered February 21, 2006, which denied his motion for leave to amend his bill of particulars.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to the defendants Michael Alexiades and Hospital for Special Surgery.

The expert witness disclosure required by CPLR 3101 (d) was submitted by the plaintiff on November 10, 2005, more than 8 years after the surgical procedure at issue was performed, more than 6 years after this action was commenced, more than 2 years after the plaintiff served his bills of particulars, and only 11 days before the trial of this action was scheduled to commence. The expert witness disclosure included new theories of liability that were not readily discernable from the allegations set forth in the bills of particulars. Thus, the Supreme Court correctly granted the motion of the defendant Michael Alexiades, and the separate motion of the defendants Barry Waldman, Gary S. Shapiro, and Hospital for Special Surgery to preclude the plaintiff's experts from testifying at trial to the extent of directing the plaintiff to serve new expert responses from the same physicians limited to the allegations claimed in the original bill of particulars (see Durant v Shuren, 33 AD3d 843, 844 [2006]; Lissak v Cerabona, 10 AD3d 308, 309-310 [2004]).

In addition, the Supreme Court properly denied the plaintiff's motion for leave to amend his bills of particulars. While leave to amend a bill of particulars is ordinarily freely given (see CPLR 3025 [b]; Cohen v Ho, 38 AD3d 705 [2007]), where a motion for leave to amend a bill of particulars alleging new theories of liability not raised in the complaint or the original bill is made on the eve of trial, leave of court is required, and judicial discretion should be exercised sparingly, and should be discreet, circum-

spect, prudent, and cautious (*see Cohen v Ho,* 38 AD3d at 705-706; *Lissak v Cerabona,* 10 AD3d at 309-310; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.,* 309 AD2d 846 [2003]; *Kassis v Teachers Ins. & Annuity Assn.,* 258 AD2d 271 [1999]; *Volpe v Good Samaritan Hosp.,* 213 AD2d 398, 398-399 [1995]). Moreover, where there has been an unreasonable delay in seeking leave to amend, the plaintiff must establish a reasonable excuse for the delay, and submit an affidavit establishing the merits of the proposed amendment with respect to the new theories of liability (*see Arguinzoni v Parkway Hosp.,* 14 AD3d 633 [2005]; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.,* 309 AD2d at 846). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom" (*Cohen v Ho,* 38 AD3d at 706).

In this case, the plaintiff did not move for leave to amend the bills of particulars until after the defendants had moved to preclude his experts from testifying at trial with respect to the new theories of liability. At the time the motion was made, 8 years had passed since the surgery in question was performed, 6 years had passed since the action was commenced, 2 years had passed since the plaintiff served his bills of particulars, and only 6 days remained before the scheduled commencement of the trial. Contrary to the plaintiff's contention that he did not learn until the deposition of the decedent's surgeon on September 27, 2005 that the decedent had been anesthetized using a procedure called laryngoscopic intubation, that information was clearly discoverable from the anesthesia record of the surgery, which the plaintiff had obtained no later than April 2001. Thus, the plaintiff had the required information for more than 4 years by the time he moved for leave to amend his bills of particulars. Accordingly, the plaintiff failed to establish a reasonable excuse for the delay in moving for leave to amend his bills of particulars. Moreover, the defendants would have been prejudiced had leave been granted as they could not have discerned the new theories of liability from either the complaint or the original bills of particulars. In addition, the plaintiff failed to submit an affidavit of merit with the motion. The fact that the Supreme Court, Queens County, compelled the plaintiff to file a note of issue on July 30, 2004 has no relevance as to whether the plaintiff established a reasonable excuse for the delay in moving for leave to amend the bill of particulars.

The parties' remaining contentions are without merit. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.