■ MEGANNE BALCOM et al., Individually and as Parents and Natural Guardians of CODY BALCOM, an Infant, Appellants, v MARGARET REITHER, C.N.M., et al., Respondents. [911 NYS2d 72]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated May 26, 2009, as granted those branches of the defendants' motion which were to strike various portions of the plaintiffs' expert witness disclosure pertaining to a certain obstetrician/gynecologist, granted those branches of the defendants' motion which were to strike the plaintiffs' expert witness disclosure pertaining to a certain biomedical engineer on various grounds, granted that branch of the defendants' motion which was to direct the plaintiffs either to produce a certain proposed expert witness to testify at trial or, in effect, to pay the defendants' expenses associated with taking that expert witness's deposition out-of-state, and denied that branch of their cross motion which was for leave to serve a second amended verified bill of particulars.

Ordered that the appeal from so much of the order as granted those branches of the defendants' motion which were to strike the plaintiffs' expert witness disclosure pertaining to the biomedical engineer on various grounds is dismissed; and it is further,

Ordered that the order is modified, on the facts and on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to direct the plaintiffs either to produce a certain proposed expert witness to testify at trial or, in effect, to pay the defendants' expenses associated with taking that expert witness's deposition outside the state and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs contend that the Supreme Court erred in granting those branches of the defendants' motion which were to strike those portions of the plaintiffs' expert witness disclosure pertaining to a certain biomedical engineer on the grounds that his testimony will be cumulative of other expert testimony proposed by the plaintiffs and that he is not qualified to give the proposed testimony. However, the Supreme Court's determinations in that regard effectively are evidentiary rulings made in advance of trial on motion papers and thus are not appealable (*see Barnes v Paulin,* 52 AD3d 754, 755 [2008]; *Hering v Lighthouse 2001, LLC,* 21 AD3d 449, 451-452 [2005]; *cf. Abramson v Pick Quick Foods, Inc.,* 56 AD3d 702, 703 [2008]; *King v Gregruss Mgt. Corp.,* 57 AD3d 851, 852-853 [2008]; *Navarette v Alexiades,* 50 AD3d 869, 870 [2008]). Contrary to the plaintiffs' contention, the determinations do not go to the merits of their case or affect a substantial right, and thus they are not appealable (*cf. Matter of City of New York v Mobil Oil Corp.,* 12 AD3d 77, 81 [2004]).

Also contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in denying that branch of their cross motion which was for leave to serve a second amended bill of particulars (*see Schreiber-Cross v State of New York,* 57 AD3d 881, 883-884 [2008]; *Sampson v Contillo,* 55 AD3d 591, 592 [2008]; *Navarette v Alexiades,* 50 AD3d at 871; *Morris v Queens Long Is. Med. Group, P.C.,* 49 AD3d 827, 828-829 [2008]; *Cohen v Ho,* 38 AD3d 705, 705-706 [2007]) and in concomitantly granting those branches of the defendants' motion which were to strike various portions of the plaintiffs' expert disclosure pertaining to a certain obstetrician/gynecologist on the ground that those portions exceed the bounds of the plaintiffs' existing bill of particulars (*see Morris v Queens Long Is. Med. Group, P.C.,* 49 AD3d at 828; *see also Navarette v Alexiades,* 50 AD3d at 870).

However, the Supreme Court erred in directing the plaintiffs either to produce a certain proposed expert witness to testify at trial or, in effect, to pay the defendants' expenses associated with taking that expert witness' deposition out-of-state. The plaintiffs cannot be deprived of the option of simply not calling the subject expert witness to testify at trial. Moreover, at no time did the plaintiffs seek the requisite leave of court to conduct additional pretrial proceedings subsequent to the filing of their note of issue and certificate of readiness (*see* 22 NYCRR 202.21 [d]). Thus, the defendants' request to direct the plaintiffs to pay the defendants' expenses associated with taking the

subject expert witness's deposition out-of-state was premature. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.