■ PASQUALE LONGO et al., Appellants, v LONG ISLAND RAILROAD, Respondent. [983 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Siegal, J.), dated June 12, 2012, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for leave to amend the complaint and bill of particulars to add allegations that the defendant violated Labor Law § 240 (1) and 12 NYCRR 23-2.1 (b).

Ordered that the order is affirmed, with costs.

The plaintiff Pasquale Longo (hereinafter the injured plaintiff) allegedly was injured while performing demolition work at a building owned by the defendant Long Island Railroad. The demolition work involved removing lockers from the second floor of the building, transporting the lockers out of the building through a second floor fire escape, and placing the

lockers in trailers. As the plaintiff and his coworker picked up a set of three lockers, his coworker lost his grip and the lockers fell on the plaintiff's hand.

In December 2009, the injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries and derivative losses resulting from the defendant's alleged negligence. In December 2011, the defendant moved for summary judgment dismissing the complaint. Thereafter, the plaintiffs cross-moved to amend their complaint to add allegations that the defendant violated Labor Law § 240 (1) and 12 NYCRR 23-2.1 (b).

"Applications for leave to amend pleadings under CPLR 3025 (b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (*Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *see RCLA, LLC v 50-09 Realty, LLC*, 48 AD3d 538 [2008]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the pleadings to allege a violation of Labor Law § 240 (1), since the proposed amendment was palpably insufficient and patently devoid of merit (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]). The Supreme Court also providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the pleadings to allege a violation of 12 NYCRR 23-2.1 (b), since that section lacks the specificity required to support a cause of action under Labor Law § 241 (6) (*see Parrales v Wonder Works Constr. Corp.*, 55 AD3d 579, 582 [2008]; *Madir v 21-23 Maiden Lane Realty, LLC*, 9 AD3d 450, 452 [2004]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31597(U).]**