In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Mahon, J.), entered August 24, 2015, which denied their motion for leave to amend their bill of particulars, and (2) an order of the same court entered January 19, 2016, which denied their motion for leave to renew their motion for leave to amend their bill of particulars.
 

 Ordered that the order entered August 24, 2015, is reversed, on the law and in the exercise of discretion, and the plaintiffs’ motion for leave to amend the bill of particulars is granted; and it is further,
 

 Ordered that the appeal from the order entered January 19, 2016, is dismissed as academic in light of our determination on the appeal from the order entered August 24, 2015; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiffs, payable by the respondents appearing separately and filing separate briefs.
 

 The Supreme Court improvidently exercised its discretion in denying the plaintiffs’ motion for leave to amend their bill of particulars. While leave to amend a bill of particulars is generally freely given in the absence of prejudice or surprise (see CPLR 3025 [b]), where a motion for leave to amend a bill of particulars alleging a new theory of liability not raised in the claim or the original bill is made on the eve of trial, leave of court is required, and “judicial discretion should be exercised sparingly, and should be discreet, circumspect, prudent, and cautious” (Schreiber-Cross v State of New York, 57 AD3d 881, 884 [2008]; see Cohen v Ho, 38 AD3d 705 [2007]). In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom (see Sunrise Harbor Realty, LLC v 35th Sunrise Corp., 86 AD3d 562, 564 [2011]; Navarette v Alexiades, 50 AD3d 869, 870-871 [2008]; Cohen v Ho, 38 AD3d at 705-706; Adams v Jamaica Hosp., 258 AD2d 604, 605 [1999]). Here, the delay would not have been prejudicial since the plaintiffs’ amendment sought to include a theory of causation of the decedent’s death raised in the defendants’ expert disclosures. Moreover, the plaintiffs did not delay in seeking the amendment after receiving the defendants’ expert disclosures, and the defendants were permitted further discovery (see Archer v Haeri, 91 AD3d 685, 686 [2012]; Sunrise Harbor Realty, LLC v 35th Sunrise Corp., 86 AD3d at 564; Alvarado v Beth Israel Med. Ctr., 78 AD3d 873, 874 [2010]; Navarette v Alexiades, 50 AD3d at 870-871; Cohen v Ho, 38 AD3d at 705-706; Adams v Jamaica Hosp., 258 AD2d at 605).
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.