Holder v County of Westchester (2019 NY Slip Op 01397)





Holder v County of Westchester


2019 NY Slip Op 01397


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2016-07924
 (Index No. 4491/11)

[*1]Donna Marie Holder, appellant, 
v
County of Westchester, et al., respondents.


Gash & Associates, P.C., White Plains, NY (Gary Mitchel Gash and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla, NY (Michalina N. Shuter of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicholas Colabella, J.), dated June 22, 2016. The order granted the defendants' motion to strike the plaintiff's supplemental responses to the defendants' demand for expert disclosure pursuant to CPLR 3101(d) and to preclude the plaintiff's expert from testifying as to an additional theory of liability, and denied the plaintiff's cross motion to amend her notice of claim, the complaint, the bill of particulars, and expert disclosures to allege that additional theory of liability.
ORDERED that the order is affirmed, with costs.
On December 13, 2009, the plaintiff was allegedly injured while disembarking from a bus. In her original notice of claim, complaint, and bill of particulars, the plaintiff alleged that the bus driver neglected to, and/or was unable to, "lower the front of the bus (kneeling bus)." As a result, the plaintiff was required to step down from the bus, and she fell. At her deposition, the plaintiff testified that she did not know of "[a]nything else that caused [her] to fall." Notwithstanding the foregoing, after filing the note of issue, the plaintiff served supplemental responses to the defendants' demand for expert disclosure wherein she alleged an additional theory of liability, namely, that the defendants allowed her to disembark from the bus in an area that contained ice and that this caused her to step on ice and fall.
The defendants moved to strike the plaintiff's supplemental responses to the defendants' demand for expert disclosure pursuant to CPLR 3101(d) and to preclude the plaintiff's expert from testifying as to the additional theory of liability. Thereafter, the plaintiff cross-moved to amend her notice of claim, the complaint, the bill of particulars, and expert disclosures to allege the aforementioned additional theory of liability. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.
Under the circumstances of this case, including, among other things, the plaintiff's belated expert disclosure pursuant to CPLR 3101(d)(1), and the potential prejudice to the defendants, the Supreme Court providently exercised its discretion in granting the defendants' motion to strike [*2]the plaintiff's supplemental responses to the defendants' demand for expert disclosure pursuant to CPLR 3101(d) and to preclude the plaintiff's expert from testifying as to the additional theory of liability (see CPLR 3101[d][1][i]); Marwin v Top Notch Constr. Corp., 50 AD3d 977, 977-978; Durant v Shuren, 33 AD3d 843, 844).
Moreover, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion to amend her notice of claim, the complaint, the bill of particulars, and expert disclosures to allege the additional theory of liability. The proposed amendment to the notice of claim was of a substantive nature not within the purview of General Municipal Law § 50-e(6) (see Palmer v Society for Seamen's Children, 88 AD3d 970, 972; Matter of Niewojt v City of Middletown, N.Y., 78 AD3d 948, 948-949). Additionally, while leave to amend a pleading and bill of particulars "shall be freely given upon such terms as may be just" (CPLR 3025[b]), where, as here, leave to amend is belatedly sought, judicial discretion should be exercised sparingly (see Moore v Franklin Hosp. Med. Center-N. Shore-Long Is. Jewish Health Sys., 155 AD3d 945, 946; Torres v Educational Alliance, 300 AD2d 469, 470).
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court