King v Marwest, LLC (2021 NY Slip Op 08225)





King v Marwest, LLC


2021 NY Slip Op 08225


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01726
 (Index No. 1364/15)

[*1]Lisa King, respondent,
v
Marwest, LLC, appellant.


Marshall Dennehey Warner Coleman & Goggin, P.C., Rye Brook, NY (Jennifer M. Meyers of counsel), for appellant.
Sobo & Sobo, LLP, Middletown, NY (Stephen J. Cole-Hatchard and Mark Cambareri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated January 16, 2018. The order, in effect, granted the plaintiff's cross motion for leave to amend the bill of particulars, and denied, with leave to resubmit, the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion for leave to amend the bill of particulars is denied.
The plaintiff commenced this action in 2015 to recover damages for personal injuries she allegedly sustained in 2012. She alleged that while she was working at a retail store, a front entry door closed quickly on her hand while she was moving a cart with merchandise through the doorway. The property where the accident occurred was owned by the defendant and leased by the plaintiff's employer pursuant to a written lease. The lease reflected that the defendant and the lessee each had certain responsibilities with respect to the maintenance and repair of certain parts of the property. In the complaint and the bill of particulars, the plaintiff alleged that the accident occurred when the door closed too quickly, and that the defendant was negligent in permitting the door to be maintained in such a condition.
After the plaintiff filed a note of issue and certificate of readiness in 2017, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it could not be held liable for the alleged defect in the door because the defendant was an out-of-possession landlord with no duty to repair the door. The plaintiff opposed the motion, and cross-moved for leave to amend the bill of particulars, alleging for the first time that her injury also was caused by a defect in the concrete floor of the doorway threshold, which caused the center wheel of the cart that she was pulling to become caught, and that the alleged defect in the floor violated Building Code of New York State former § 1008.1.6 (2010).
In an order dated January 16, 2018, the Supreme Court, in effect, granted the [*2]plaintiff's cross motion for leave to amend the bill of particulars, set a schedule for completion of additional discovery, and denied the defendant's motion for summary judgment dismissing the complaint "without prejudice to resubmit." The defendant appeals.
The Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to amend the bill of particulars to allege a defect in the doorway floor. "While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise" (Kirk v Nahon, 160 AD3d 823, 824; see CPLR 3025[b]), "once discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Schreiber-Cross v State of New York, 57 AD3d 881, 884 [internal quotation marks omitted]; see Anonymous v Gleason, 175 AD3d 614, 617-618). In such a case, leave may properly be granted "where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (Ortiz v Chendrasekhar, 154 AD3d 867, 869 [internal quotation marks omitted]). However "where a motion for leave to amend a bill of particulars alleging new theories of liability not raised in the complaint or the original bill is made on the eve of trial, leave of court is required, and judicial discretion should be exercised sparingly, and should be discreet, circumspect, prudent, and cautious" (Navarette v Alexiades, 50 AD3d 869, 870-871). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom" (Moore v Franklin Hosp. Med. Center-N. Shore-Long Is. Jewish Health Sys., 155 AD3d 945, 946).
Contrary to the plaintiff's contention, the proposed amendment to the bill of particulars raised an entirely new theory of liability well after discovery had been completed, and was advanced only in response to the defendant's motion for summary judgment. Moreover, the plaintiff failed to proffer a reasonable excuse for her delay in seeking the amendment (see Kirk v Nahon, 160 AD3d at 824; Smith v Hercules Constr. Corp., 274 AD2d 467, 468), and the proposed amendment was prejudicial to the defendant (see Anonymous v Gleason, 175 AD3d at 618).
Similarly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint (see id. at 616; Madir v 21-23 Maiden Lane Realty, LLC, 9 AD3d 450, 452). An "'out-of-possession landlord'" is "'not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty'" (Muller v City of New York, 185 AD3d 834, 835, quoting Irizarry v Felice Realty Corp., 157 AD3d 874, 874; see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Contrary to the plaintiff's contention, the defendant's responsibility under the lease to make certain repairs to the premises did not defeat the defendant's claim that it was an out-of-possession landlord, as it is possible for an out-of-possession landlord to have a limited duty to maintain or repair a leased property in some specific respect while having no responsibility to maintain or repair the leased property in another respect (see Broughal v Kwon, 181 AD3d 641, 641). When an out-of-possession landlord retains some control and some contractual duty to make repairs to the leased premises, the question of liability will turn on whether the injury-producing condition fell within the landlord's contractual responsibilities (see Negri-Riglos v First N. Star, LLC, 187 AD3d 1200; Ferraro v 270 Skip Lane, LLC, 177 AD3d 651, 652; Fox v Patriot Saloon, 166 AD3d 950, 951; Duggan v Cronos Enters., Inc., 133 AD3d 564, 564). Here, the defendant demonstrated its prima facie entitlement to summary judgment dismissing the complaint by submitting, inter alia, the lease, which established that the tenant enjoyed complete and exclusive possession of the demised premises at the time of the plaintiff's injury and that the defendant was not responsible for maintenance of the door. Moreover, the plaintiff's belated assertion of a new theory of liability in opposition to the motion was insufficient to raise a triable issue of fact (see Larcy v Kamler, 185 AD3d 564, 566; Anonymous v Gleason, 175 AD3d at 617).
Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted, and the plaintiff's cross motion for leave to amend the bill of particulars should have been denied (see Sawicka v Schwimmer, 187 AD3d 957; Anonymous v Gleason, 175 [*3]AD3d at 616; Madir v 21-23 Maiden Lane Realty, LLC, 9 AD3d at 452).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court