Farrell v Lichtenberger (2021 NY Slip Op 03305)





Farrell v Lichtenberger


2021 NY Slip Op 03305


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-07333
2019-07334
2019-07335
2019-07341
2021-03266
 (Index No. 12830/12)

[*1]Pauline F. Farrell, appellant, 
v
Sonia Lichtenberger, etc., et al., respondents, et al., defendants.


Robert F. Danzi, Jericho, NY (Christine Coscia and Joan M. Ferretti of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondents Sonia Lichtenberger and Elizabeth Lubansky.
Matturro & Associates, Westbury, NY (Anthony Matturro of counsel), for defendants Zwanger-Persiri Radiology Group, LLP, and Zwanger-Pesiri-Lidi, LLP.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an unsigned transcript of the proceedings of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), which occurred on May 8, 2019, (2) an order of the same court dated May 13, 2019, (3) an order of the same court dated May 17, 2019, (4) an order of the same court dated May 23, 2019, and (5) an order of the same court dated June 7, 2019. The orders dated May 13, 2019, and May 17, 2019, after a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]), granted that branch of the motion of the defendants Sonia Lichtenberger and Elizabeth Lubansky which was to preclude the plaintiff's expert testimony on the issue of medical causation. The order dated May 23, 2019, after the Frye hearing, granted the oral application of the defendants Sonia Lichtenberger and Elizabeth Lubansky, in effect, to dismiss the complaint insofar as asserted against them and directed the dismissal of the complaint. The order dated June 7, 2019, which is a so-ordered transcript of the proceedings which occurred on May 8, 2019, granted that branch of the motion of the defendants Sonia Lichtenberger and Elizabeth Lubansky which was for a Frye hearing on the admissibility of expert testimony on the issue of medical causation.
ORDERED that the appeal from the unsigned transcript of the proceedings which occurred on May 8, 2019, is dismissed (see Ojeda v Metropolitan Playhouse, Inc., 120 AD2d 717); and it is further,
ORDERED that on the Court's own motion, the notices of appeal from the orders dated May 23, 2019, and June 7, 2019, are deemed to be applications for leave to appeal from those orders, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the orders dated May 13, 2019, and May 17, 2019, are reversed, on the law and the facts, and that branch of the motion of the defendants Sonia Lichtenberger and Elizabeth Lubansky which was to preclude the plaintiff's expert testimony on the issue of medical causation is denied; and it is further,
ORDERED that the order dated May 23, 2019, is reversed, on the law and on the facts, and the oral application of the defendants Sonia Lichtenberger and Elizabeth Lubansky, in effect, to dismiss the complaint insofar as asserted against them is denied; and it is further,
ORDERED that the order dated June 7, 2019, is affirmed, and its is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging that the defendants negligently injected gadolinium, a contrast agent, directly into the tissue of her arm instead of her vein in preparation for an MRI, causing the plaintiff to develop, among other things, nephrogenic systemic fibrosis. Thereafter, the plaintiff served an expert witness disclosure expressing her intention to call Stephen A. Paget, her treating physician, as an expert witness at trial. The plaintiff's expert witness disclosure indicated that Paget was expected to testify that the defendants deviated from good and accepted medical practice in allowing gadolinium, a toxin, to leak into and remain inside the plaintiff's arm in high concentration, which caused the plaintiff to develop injuries including a progressive fibrosing disease. The defendants Sonia Lichtenberger and Elizabeth Lubansky (hereinafter together the defendants) moved, inter alia, to preclude Paget's testimony on the issue of medical causation, or, in the alternative, for a Frye hearing (see Frye v United States, 293 F 1013) on the admissibility of such evidence.
On May 8, 2019, the Supreme Court granted that branch of the defendants' motion which was for a Frye hearing. Following the hearing, the court granted that branch of the defendants' motion which was to preclude Paget's testimony. Thereafter, the defendants made an oral application, in effect, to dismiss the complaint insofar as asserted against them on the ground that the plaintiff could not prove her case without a medical expert on causation. In an order dated May 23, 2019, the court granted the defendants' application and directed dismissal of the complaint. The plaintiff appeals.
In determining the admissibility of expert testimony, New York follows the rule of Frye v United States (293 F 1013) that "expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has gained general acceptance in its specified field" (Lugo v New York City Health & Hosps. Corp., 89 AD3d 42, 55 [internal quotation marks omitted]; see People v Wesley, 83 NY2d 417, 422). The burden of proving general acceptance rests upon the party offering the disputed expert testimony (see Zito v Zabarsky, 28 AD3d 42, 44; Del Maestro v Grecco, 16 AD3d 364, 366). A Frye inquiry "is not concerned with the reliability of a certain expert's conclusions, but instead with whether the experts' deductions are based on principles that are sufficiently established to have gained general acceptance as reliable" (Lugo v New York City Health & Hosps. Corp., 89 AD3d at 56 [internal quotation marks omitted]). "[G]eneral acceptance does not necessarily mean that a majority of the scientists involved subscribe to the conclusion" (Zito v Zabarsky, 28 AD3d at 44 [internal quotation marks omitted]), but rather that "those espousing the theory or opinion have followed generally accepted scientific principles and methodology in evaluating clinical data to reach their conclusions" (id. [internal quotation marks omitted]). "The general acceptance of novel scientific evidence . . . may be established through texts and scholarly articles on the subject, expert testimony, or court opinions finding the evidence generally accepted in the relevant scientific community" (Matter of State of New York v Richard S., 158 AD3d 710, 712 [internal quotation marks omitted]). "[I]t is not necessary 'that the underlying support for the theory of causation consist of cases or studies considering circumstances exactly parallel to those under consideration in the litigation'" (Zito v Zabarsky, 28 AD3d at 44, quoting Marsh v Smyth, 12 AD3d 307, 312-313), and "'[i]t is sufficient if a synthesis of various studies or cases reasonably permits the conclusion reached by the plaintiff's expert'" (Zito v Zabarsky, 28 AD3d at 44, quoting Marsh v Smyth, 12 AD3d at 313).
Although Paget did not rely upon medical literature unequivocally establishing that the administration of gadolinium into tissue has a causal link to the development of a systemic fibrosing disease in the absence of renal insufficiency, the plaintiff established that Paget's theory "had an objective basis and was founded upon far more than theoretical speculation or a scientific hunch" (LaRose v Corrao, 105 AD3d 1009, 1010). The absence of medical literature directly on point pertains to the weight to be afforded to Paget's testimony, but does not preclude its admissibility (see id. at 1010; Lugo v New York City Health & Hosps. Corp., 89 AD3d 42, 61; Zito v Zabarsky, 28 AD3d at 46). Consequently, the Supreme Court improperly granted that branch of the defendants' motion which was to preclude Paget's testimony, and thereupon improperly granted the defendants' application, in effect, to dismiss the complaint insofar as asserted against them.
The parties' remaining contentions are without merit.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court