Buist v Bromley Co., LLC (2024 NY Slip Op 01904)

Buist v Bromley Co., LLC

2024 NY Slip Op 01904

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-02688
 (Index No. 22081/09)

[*1]Ashley Buist, respondent, 
v
Bromley Company, LLC, et al., appellants.

Gartner + Bloom, P.C., New York, NY (Arthur P. Xanthos of counsel), for appellants.
Domina Law Group PLLC, New York NY (David A. Domina of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 9, 2020. The order, after a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]), denied that branch of the defendants' motion which was to preclude the plaintiff's expert testimony on the issue of causation.
ORDERED that the order is reversed, on the law and the facts, with costs, and that branch of the defendants' motion which was to preclude the plaintiff's expert testimony on the issue of causation is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained due to exposure to mold in her apartment that she leased from the defendants. The plaintiff alleged that her exposure to mold resulted in several injuries including, inter alia, toxic encephalopathy, mycotoxicosis, nasal osteochondritis, dermatitis, and rhinosinusitis. The defendants moved for summary judgment dismissing the complaint, or, in the alternative, for a Frye hearing on the admissibility of the plaintiff's expert's testimony on the issue of causation (see Frye v United States, 293 F 1013) and to preclude the plaintiff's expert testimony on the issue of causation. In December 2018, the Supreme Court granted that branch of the defendants' motion which was for a Frye hearing. Following the hearing, in an order dated January 9, 2020, the court denied that branch of the defendants' motion which was to preclude the plaintiff's expert testimony on the issue of causation. The defendants appeal.
Preliminarily, we note that while the order appealed from was a pretrial evidentiary ruling, if that branch of the defendants' motion were granted and the plaintiff's expert were precluded from testifying as to causation, the plaintiff's claims would fail. As the order appealed from clearly involved the merits of the case and affected a substantial right of the parties, it is appealable (see Johnson v Guthrie Med. Group, P.C., 125 AD3d 1445, 1446; Parker v Mobil Oil Corp., 16 AD3d 648, 649, affd 7 NY3d 434; cf. Balcom v Reither, 77 AD3d 863, 864).
Turning to the merits, "[i]n toxic tort cases, an expert opinion on causation must set [*2]forth (1) a plaintiff's exposure to a toxin, (2) that the toxin is capable of causing the particular injuries plaintiff suffered (general causation) and (3) that the plaintiff was exposed to sufficient levels of the toxin to cause such injuries (specific causation)" (Sean R. v BMW of N. Am., LLC, 26 NY3d 801, 808; see Nemeth v Brenntag N. Am., 38 NY3d 336, 342-343; Desernio v Ardelean, 188 AD3d 994, 995).
Such expert testimony is only admissible in New York courts, pursuant to the Frye test (see Frye v United States, 293 F 1013), when it is "based on scientific principles, procedures, or theories only after the principles, procedures, or theories have gained general acceptance in the relevant scientific field" (Zito v Zabarsky, 28 AD3d 42, 44; see Farrell v Lichtenberger, 194 AD3d 1013, 1015). "A showing that an expert's opinion has 'some support' is not sufficient to establish general acceptance in the relevant scientific community" (People v Williams, 35 NY3d 24, 37). "The general acceptance of novel scientific evidence . . . may be established through texts and scholarly articles on the subject, expert testimony, or court opinions finding the evidence generally accepted in the relevant scientific community" (Matter of State of New York v Richard S., 158 AD3d 710, 712 [internal quotation marks omitted]). "The burden of proving general acceptance rests upon the party offering the disputed expert testimony" (Farrell v Lichtenberger, 194 AD3d at 1015; Matter of State of New York v Richard S., 158 AD3d at 712).
This record does not support the Supreme Court's conclusion that the plaintiff carried her burden for general causation under Frye and established that the scientific community generally accepted her expert's theory that mold can cause the types of injuries that she alleged. General causation cannot be established through studies showing only a "risk" or "association" between mold exposure and the development of certain medical conditions (Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 783). The defendants' expert relied on a position paper of the American Academy of Allergy, Asthma and Immunology published in 2006 (hereinafter the AAAAI paper), that controverts the plaintiff's expert's theory of causation (see id. at 781-782). The scientific literature and testimony proffered by the plaintiff's expert was insufficient to demonstrate that the plaintiff's expert's theory of general causation has gained general acceptance in the scientific community (see id. at 783). Thus, the plaintiff failed to establish that her expert's theory of general causation satisfied the Frye standard (see id. at 781-783; Fraser v 301-52 Townhouse Corp., 57 AD3d 416, 417-419).
In addition, even assuming that the plaintiff established that her expert's theory of general causation satisfied Frye, the method used by her expert to establish specific causation did not satisfy Frye. To prove specific causation, it is not enough for a plaintiff's expert to testify that "exposure to a toxin is 'excessive' or 'far more' than others," or to offer testimony "that merely links a toxin to a disease or 'work[s] backwards from reported symptoms to divine an otherwise unknown concentration' of a toxin" (Nemeth v Brenntag N. Am., 38 NY3d at 343, quoting Parker v Mobil Oil Corp., 7 NY3d at 448). "Although it is not always necessary for a plaintiff to quantify exposure levels precisely, we have never dispensed with a plaintiff's burden to establish sufficient exposure to a substance to cause the claimed adverse health effect" (Sean R. v BMW of N. Am., LLC, 26 NY3d at 808 [citation and internal quotation marks omitted]; see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 784). "At a minimum, . . . there must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of th[e] agent that are known to cause the kind of harm that the plaintiff claims to have suffered" (Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 784, quoting Wright v Williamette Indus., Inc., 91 F3d 1105, 1107 [8th Cir]).
Here, the plaintiff's expert failed to quantify the plaintiff's exposure to mold (see Nemeth v Brenntag N. Am., 38 NY3d at 343; Sean R. v BMW of N. Am., LLC, 26 NY3d at 808-809). Instead, the plaintiff's expert testified that she primarily used the medical diagnostic technique of differential diagnosis to conclude that the plaintiff's injuries were caused by mold, which was insufficient to prove specific causation in this toxic tort action (see Nemeth v Brenntag N. Am., 38 NY3d at 343; Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 785).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to preclude the plaintiff's expert testimony on the issue of causation.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court