Dyszkiewicz v City of New York (2023 NY Slip Op 03769)

Dyszkiewicz v City of New York

2023 NY Slip Op 03769

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-01054
 (Index No. 713477/17)

[*1]Dariusz Dyszkiewicz, appellant,
v
City of New York, et al., respondents.

Lipsig Shapey Manus & Moverman, P.C. (Marc Freund and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth Gorman], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless and I. Elie Herman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Laurence L. Love, J.), entered January 17, 2020. The judgment, upon an order of the same court dated October 10, 2019 (Pam Jackman Brown, J.), inter alia, granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(e) and 23-2.1(b), denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(d) and 23-3.3(e), and, in effect, denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and upon a jury verdict in favor of the defendants and against the plaintiff on the issue of liability, among other things, on the cause of action alleging a violation of Labor Law § 241(6), is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On February 7, 2017, the plaintiff allegedly sustained injuries when he slipped and fell down stairs while working at a classroom renovation project at a school in Queens. The plaintiff was employed by Adam's European Contracting, Inc. (hereinafter AEC), a general contractor, that had contracted with the defendant New York City School Construction Authority (hereinafter SCA) to perform the renovation work. At the time of the incident, the plaintiff was moving various items from a third-floor classroom to the basement. After having made 5 to 10 trips traversing the same stairway, while carrying half of a metal doorframe down the stairway, the plaintiff allegedly slipped on clear, sticky liquid on the top step going from the second floor to the first floor, and fell down approximately 13 steps to the first floor landing.
In September 2017, the plaintiff commenced this action against the City of New York, the SCA, the New York City Department of Education (hereinafter DOE), and the New York City Board of Education (hereinafter the BOE). He asserted, inter alia, causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The defendants thereafter interposed an answer. In November 2018, after discovery was complete, the parties filed motions [*2]for summary judgment. The defendants sought dismissal of the complaint in its entirety, whereas the plaintiff sought summary judgment on the issue of liability on the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). By order dated October 10, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(e) and 23-2.1(b), denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(d) and 23-3.3(e), and, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
In December 2019, the matter proceeded to trial. The jury rendered a verdict in favor of the defendants, finding, among other things, that they did not violate 12 NYCRR 23-1.7(d) or 12 NYCRR 23-3.3(e). A judgment was then entered dismissing the complaint. The plaintiff appeals from the judgment.
Initially, although the defendants did not raise the issue of reviewability, we address this issue sua sponte because it is jurisdictional in nature (see Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718). The portions of the Supreme Court's order dated October 10, 2019, denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(d) and 23-3.3(e), and, in effect, denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 200 and common-law negligence, did not necessarily affect the judgment, and therefore cannot be reviewed on the appeal from the judgment (see CPLR 5501(a)(1); Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026; Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1183; Stanescu v Stanescu, 206 AD3d 1031, 1033). The order did not "necessarily remove[ ] [those] legal issue[s] from the case so that there was no further opportunity during the litigation" for the parties to address them (Bonczar v American Multi-Cinema, Inc., 38 NY3d at 1026 [internal quotation marks and brackets omitted]). Rather, those issues were left undecided, and the parties had an opportunity to, and did litigate them at trial (id.).
However, the plaintiff's appeal from the judgment brings up for review so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(e) and 23-2.1(b) (see CPLR 5501[a][1]).
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(e) and 23-2.1(b). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Zaino v Rogers, 153 AD3d 763, 764 [internal quotation marks omitted]). Here, the defendants established, prima facie, that 12 NYCRR 23-1.7(e)(1) and (e)(2), which protect workers from tripping hazards, are inapplicable to the facts of this case, since the accident was the result of a slipping hazard, not a tripping hazard, as the plaintiff testified at his deposition that he "slipped" (see Keener v Cinalta Constr. Corp., 146 AD3d 867, 868; Costa v State of New York, 123 AD3d 648, 648; Harasim v Eljin Constr. of N.Y., Inc., 106 AD3d 642, 643; Cooper v State of New York, 72 AD3d 633, 635). Moreover, the defendants established that 12 NYCRR 23-1.7(e)(2) is also inapplicable to the facts of this case because it applies to working areas, and the plaintiff asserts that the staircase in which his accident occurred was a "passageway," as opposed to a "working area" (see Whalen v City of New York, 270 AD2d 340, 342). In opposition, the plaintiff failed to raise a triable fact.
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-2.1(b), as that provision is not sufficiently specific to support a cause of action pursuant to Labor Law § 241(6) (see Longo v Long Is. R.R., 116 AD3d 676, 677; La Veglia v St. Francis Hosp., 78 AD3d 1123, 1126; Fowler v CCS [*3]Queens Corp., 279 AD2d 505, 505). Although the defendants have raised the specificity issue for the first time on appeal, we consider it because "it involves a question of law that appears on the face of the record and could not have been avoided if brought to the [Supreme] [C]ourt's attention at the proper juncture" (Wells Fargo Bank, N.A. v Davidson, 202 AD3d 880, 882).
The plaintiff has also failed to demonstrate a basis for disturbing the jury's verdict. "For a court to conclude as a matter of law that a jury verdict is not supported by legally sufficient evidence, it is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial" (Petersen v Forest City Ratner Cos., LLC, 203 AD3d 1093, 1094 [internal quotation marks omitted]). Moreover, "a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Schuster v Sourour, 207 AD3d 491, 493 [internal quotation marks omitted]). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Lara v Arevalo, 205 AD3d 700, 702 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that the defendants did not violate 12 NYCRR 23-1.7(d) or 23-3.3(e) (see Petersen v Forest City Ratner Cos., LLC, 203 AD3d at 1095). Moreover, the jury's conclusion is also supported by a fair interpretation of the evidence (see Schuster v Sourour, 207 AD3d at 493 ).
12 NYCRR 23-1.7(d), relating to slipping hazards, provides that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." Here, the jury could have rationally reached its verdict on this issue by finding that the liquid was only present in the stairway for a short period of time prior to the accident. While an owner or general contractor need not possess actual or constructive notice of a slippery condition in order to be held vicariously liable under a Labor Law § 241(6) cause of action predicated upon an alleged violation of 12 NYCRR 23-1.7(d) (see Reynoso v Bovis Lend Lease LMB, Inc., 125 AD3d 740, 742), the evidence must nonetheless demonstrate that "someone within the chain of the construction project was negligent in not exercising reasonable care, or acting within a reasonable time, to prevent or remediate the hazard, and that [a] plaintiff's slipping, falling[,] and subsequent injury proximately resulted from such negligence" (Bocanegra v Chest Realty Corp., 169 AD3d 750, 751-752, quoting Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 351; see McCague v Walsh Constr., 225 AD2d 530, 530-531). The plaintiff's testimony at trial was sufficient to allow the jury to find that the liquid was not present on the stairway for a sufficient period of time to allow someone exercising reasonable care to remedy it. Moreover, the evidence at trial also provided the jury with plausible reasons to question the plaintiff's credibility, and "[g]reat deference is accorded to the credibility determinations of the jury, which had the opportunity to see and hear the witnesses" (Cedeno v McNulty, 39 AD3d 683, 683).
12 NYCRR 23-3.3(e) "sets forth three methods that may be employed during demolition work for the manual removal of debris, brick or other materials" (Jackson v Williamsville Cent. School Dist., 229 AD2d 985, 986). Here, the jury could have reasonably found that the provision was not violated because the plaintiff was moving debris from one location within the school building to another, as opposed to removing it from the building altogether for disposal (see Campoverde v Bruckner Plaza Assoc., L.P., 50 AD3d 836, 837).
Finally, "trial courts are accorded wide discretion in making evidentiary rulings and those rulings should not be disturbed on appeal absent an improvident exercise of discretion" (Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1018 [internal quotation marks and brackets omitted]) or a showing of prejudice to a substantial right pursuant to CPLR 2002 (see Acosta v City of New York, 153 AD3d 765, 767). The plaintiff's contention that the Supreme Court's evidentiary ruling, directing redactions of portions of photographs, constituted an improvident exercise of discretion is without merit. Moreover, any error in directing redaction of the photographs was harmless under the circumstances, as there is no indication the redacted evidence would have had a substantial influence on the result (see CPLR 2002; Acosta v City of New York, 153 AD3d at 767).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court