**Buckley v 701 Seventh Prop. Owner LLC**

2025 NY Slip Op 31234(U)

April 10, 2025

Supreme Court, New York County

Docket Number: Index No. 153785/2017

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LESLIE A. STROTH** *Justice* | PART **12M** |

-------------------------------------------------------------------X

JOHN BUCKLEY, DIANA BUCKLEY,

Plaintiff,

- v -

701 SEVENTH PROPERTY OWNER LLC, CNY CONSTRUCTION 701 LLC, COMPONENT ASSEMBLY SYSTEMS, INC., et al.

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153785/2017 |
| MOTION DATE | N/A, N/A, N/A, N/A |
| MOTION SEQ. NO. | 003 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 317, 321, 325, 329, 330, 331, 332, 333, 334, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 369, 374, 378, 379, 383, 384, 400, 401

were read on this motion to/for                     JUDGMENT - SUMMARY              .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 318, 322, 326, 370, 375, 382, 402, 403

were read on this motion to/for                     JUDGMENT - SUMMARY              .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 234, 235, 236, 319, 323, 327, 365, 366, 367, 368, 371, 376, 381, 404, 405

were read on this motion to/for                     JUDGMENT - SUMMARY              .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 320, 324, 328, 335, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 372, 373, 377, 380, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 406, 407

were read on this motion to/for                     SUMMARY JUDGMENT(AFTER JOINDER    .

1 of 8

Plaintiff commenced this labor law action for injuries allegedly sustained on March 29, 2017 while working at a construction project located at 701 Seventh Avenue, New York, New York where he slipped on water as he descended from the second to first floor of a stairwell. Defendant 701 Seventh Property Owner LLC was the owner of the property and retained defendant CNY Construction as the construction manager. Plaintiff alleges that CNY Construction contracted with defendant Component Assembly Systems, Inc. to install temporary handrails for all stairs at the jobsite. Plaintiff's employer, third-party defendant American Industries Corp., was also hired by CNY Construction to perform work at the premises.

The following motions were filed by the parties:

i) Motion #003 by defendant 701 Seventh Property Owner LLC and CNY Construction 701 LLC for summary judgment against Component Assembly Systems, Inc. and American Industries Corp. on their claims for contractual indemnification, common law indemnification, contribution, and breach of contract.

ii) Cross-Motion to Motion #003 by plaintiff for summary judgment against defendants 701 Seventh Property Owner LLC and CNY Construction under Labor Law §241(6).

iii) Motion #004 by second third-party defendant Navillus Tile, Inc. for summary judgment and dismissal of the second third-party complaint and any crossclaims asserted against it.

iv) Motion #005 by third-party defendant American Industries Corp. for summary judgment and dismissal of the third-party complaint on common law indemnity and contribution, and third-party defendant Component Assembly's cross claims for contractual indemnification, common law indemnification and contribution.

v) Motion #006 by defendant Component Assembly for summary judgment and dismissal of the third-party complaint and all crossclaims.

vi) Cross-Motion to Motion #006 by plaintiff for summary judgment against Component Assembly based upon common law negligence.[1]

Proceeding in chronological order of motions filed, the Court is denying motion #003 by defendants 701 Seventh Property and CNY Construction for summary judgment against

---

[1] Plaintiff withdrew its claims under Labor Law §§240(1), 241(6) and 200 as to only defendant Component.

**153785/2017  BUCKLEY, JOHN vs. WITKOFF GROUP, LLC**
**Motion No.  003 004 005 006**

Page 2 of 8

Component and American Industries on their claims for contractual indemnification, common law indemnification, contribution, and breach of contract.

It is well-established that a party cannot be indemnified for their own negligence, and contractual indemnification clauses are to be enforced only when the "intention to indemnify can be clearly implied from the language and purpose of the entire agreement, and the surrounding facts and circumstances" (*See Masciotta v Morse Diesel Int'l, Inc.*, 303 A.D.2d 309 (1st Dept 2003). "In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Correia v. Pro. Data Mgmt., Inc.*, 259 AD2d 60 (1st Dept 1999)).

As to common-law indemnification, the one seeking indemnity must prove "…not only that the proposed indemnitor's negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence" (*See Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483 (1st Dept 2010). Similarly, contribution is only available where tortfeasors combine to cause an injury (*Godoy v Alabaster of Miami*, 302 AD2d 57 (2nd Dept 2003).

The Court finds that issues of fact exist as to whether defendants 701 Seventh Property and CNY Construction were indeed free from negligence. For example, Jan Grimsland, Vice President for CNY risk management and safety, testified as follows:

> Q. Would anyone direct the laborers to look for pooling water around the job site?
> A. Well, after a rain event or a storm that would be a typical thing that they would do. I guess their direction may have come from the superintendent.
> (Nyscef doc 180, p 34).

Mr. Grimsland stated that he "remember[ed] seeing some wetness on the steps" where the incident occurred (Id, p 38). Also, Frank Taveras on behalf of Component testified that if there

**153785/2017  BUCKLEY, JOHN vs. WITKOFF GROUP, LLC**
**Motion No.  003 004 005 006**

Page 3 of 8

3 of 8

was any issue of the temporary handrails that Component installed, "CNY's safety gentleman" would notify Component (Nyscef doc 277, p 32). The Court similarly is not inclined to grant defendants' motion for summary judgment on breach of contract based on the issues of fact and the general liability policies submitted by third-party defendant American Industries, which identified defendants as additional insureds (Exh A, p 59-60).

As to plaintiff's cross-motion for summary judgment on Labor Law 241(6) against defendants 701 Seventh Property and CNY Construction, for plaintiff to establish liability pursuant to Labor Law §241(6), a violation of the Industrial Code must be shown (*See e.g. Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 (1993) (holding that Labor Law §241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute).

In opposition, defendants rely upon *Dyszkiewicz v. City of New York* 218 AD3d 546 (2nd Dept 2023), where the Appellate Division provided that "[w]hile an owner or general contractor need not possess actual or constructive notice of a slippery condition in order to be held vicariously liable under a Labor Law § 241(6)… the evidence must nonetheless demonstrate that someone within the chain of the construction project was negligent in not exercising reasonable care, or acting within a reasonable time, to prevent or remediate the hazard, and that [a] plaintiff's slipping, falling[,] and subsequent injury proximately resulted from such negligence". The Court finds such argument unpersuasive, based on the aforementioned testimony of Mr. Grimsland on behalf of CNY sregarding direction from the superintendent to look for pooling water and his recollection of seeing wetness on the steps (Nyscef doc 180, p 34, 38).

Plaintiff's claim under Labor Law §241(6) is based on violation of Industrial Code §23-1.7(d) and (f):

**153785/2017   BUCKLEY, JOHN vs. WITKOFF GROUP, LLC**
**Motion No.  003 004 005 006**

**Page 4 of 8**

4 of 8

[* 4]

*(d) Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.

*(f) Vertical passage. Stairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided.

To prevail on a claim under Labor Law §241(6), plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision (*See Ares v State*, 80 NY2d 959 (1992)).

The Court is granting plaintiff's motion for summary judgment on Industrial Code §23-1.7(d) and (f), since defendants failed to submit any evidence in opposition to refute plaintiff's testimony that: "As I g[o]t down to the bottom of the steps when my left foot hit the first temporary step there were two temporary steps, the first one it was very slippery and when I went to plant my foot it slipped out from underneath me" (Exh 2, p 71). Plaintiff also testified that he used the subject stairwell since "one stairwell wasn't open and the other one you had to walk through standing water to get to it" (Id, p 65). Thus, plaintiff's motion for summary judgment on Labor Law 241(6) against defendants 701 Seventh Property and CNY Construction is granted.

Next, the Court is granting motion #004 by Navillus Tile, Inc. for summary judgment and dismissal of the third-party complaint and any crossclaims asserted against it. According to the Trade Contract Form between Navillus (Trade Contractor) and CNY Construction (Contractor), with 701 Seventh Property listed as owner (Nyscef doc 228, p 34):

Article 16.02: Indemnity To the fullest extent permitted by law, the Trade Contractor shall defend (with counsel acceptable to Contractor or Owner as the case may be), indemnify and hold harmless the Owner, Contractor and Additional Insureds … from and against all claims, demands, causes of action, suits, costs, penalties, attorney's fees,

**153785/2017 BUCKLEY, JOHN vs. WITKOFF GROUP, LLC**
**Motion No. 003 004 005 006**

Page 5 of 8

5 of 8

> expert fees, consultant fees, expenses, damages, liens, judgments, decrees, losses and/or liabilities <u>arising out of the Trade Contractor's Work</u>...

Defendants failed to provide any evidence in its opposition papers to indicate that Navillus' concrete work contributed to plaintiff's accident. According to James Smith, a supervisor for Navillus, Navillus performed concrete work at the time of the accident, and did not construct the wooden stairs or handrail (Exh GG, p 20, 50, 57). The Court notes that a copy of a policy of insurance was provided by Navillus with both defendants listed as additional insureds (Exh CC, p 129). Thus, Navillus' motion for summary judgment and dismissal of the third-party complaint and any crossclaims is granted.

The Court is also granting motion #005 by third-Party defendant American Industries for partial summary judgment, and dismissing third-party plaintiffs 701 Seventh Property Owner and CNY Construction's common law indemnity and contribution claims, and third-party defendant Component's cross claims for contractual indemnification, common law indemnification and contribution against it. Plaintiff was employed by American Industries Corp. and there is no evidence to refute that plaintiff was receiving Workers Compensation, which prevents an employer's liability for contribution or indemnity to any third person upon liability for injuries sustained by an employee, unless the employee sustained a grave injury (N.Y. Workers' comp. Law § 11 (McKinney)).

Although defendant Component avers that plaintiff testified that he was told by his doctor to stop working and that Mr. Raj Krishnan stated in his September 19, 2022 report that plaintiff continues to be totally disabled, Component fails to submit any proof that plaintiff suffered a grave injury. Moreover, 701 Seventh Property Owner and CNY Construction failed to submit any opposition. In view of the foregoing, motion #005 by third-party defendant American Industries for summary judgment is granted.

**153785/2017 BUCKLEY, JOHN vs. WITKOFF GROUP, LLC**
**Motion No. 003 004 005 006**

**Page 6 of 8**

6 of 8

[* 6]

Finally, the Court is denying motion #006 by defendant Component for summary judgment against plaintiff, and is denying dismissal of both the third-party complaint filed by defendants 701 Seventh Property and CNY Construction and all crossclaims, as well as denying plaintiff's cross-motion for summary judgment on common law negligence against Component.[2] Plaintiff alleged that as he slipped on water, he attempted to grab the handrail to prevent the fall, but the permanent handrail installed was too short. The Trade Contract Form between CNY Construction (Contractor) and Component (Trade Contractor) provides the following provisions as to Component's responsibilities regarding the installation of handrails (Nyscef doc 315):

> *Furnish and install all blocking as required but not limited to: Guest Room bath vanity, counter tops, cabinets, wall mounted TV's, shower/toilet glass enclosure (vertical and at head), ADA shower seats/grab bars, sliding bath entry doors, stairway handrails... (p 57)
> * Furnish and install all temporary railings and handrails for all stairs; whether permanent or temporary. Contractor shall include removal and replacement of rails to allow for drywall installation... (p 68)

However, according to Mr. Taveras, Component was to be notified by CNY Construction if there was an issue with any of the temporary handrails that Component installed (Nyscef doc 277, p 31). The Court finds that issues of fact exist as to whether the handrail's lack of extension was the responsibility of Component or CNY Construction. Thus, motion #006 by Component and the cross-motion by plaintiff for summary judgment against Component are denied.

Accordingly, it is hereby

ORDERED, that motion #003 by defendant 701 Seventh Property Owner LLC and CNY Construction 701 LLC for summary judgment against Component Assembly Systems, Inc. and

---

[2] The Court notes that defendant Navillus failed to file any opposition, and is thus dismissing all crossclaims asserted by Navillus against Component. In addition, since plaintiff in its cross-motion withdrew the claims against Component under Labor Law §200, §240 and §241(6), and failed to address Component's motion for summary judgment as to violation of the OSHA sections, all of such claims are hereby dismissed against Component.

**153785/2017 BUCKLEY, JOHN vs. WITKOFF GROUP, LLC**
**Motion No. 003 004 005 006**

Page 7 of 8

[* 7]

7 of 8

American Industries Corp. on their claims for contractual indemnification, common law indemnification, contribution, and breach of contract is denied; and it is further

ORDERED, that the cross-motion by plaintiff for summary judgment against defendants under Labor Law §241(6) based on violation of Industrial Code §23-1.7(d) and (f) is granted; and it is further

ORDERED, that motion #004 by second third-party defendant Navillus Tile, Inc. for summary judgment and dismissal of the second third-party complaint and any crossclaims asserted against it is granted; and it is further

ORDERED, that motion #005 by third-party defendant American Industries Corp. for summary judgment and dismissal of the third-party complaint on common law indemnity and contribution, and third-party defendant Component Assembly's cross claims for contractual indemnification, common law indemnification and contribution, is granted; and it is further

ORDERED, that motion #006 by defendant Component Assembly for summary judgment and dismissal of the third-party complaint and all crossclaims, and the cross-Motion by plaintiff for summary judgment against Component Assembly based upon common law negligence is denied. However, plaintiff's claims against Component Assembly based on Labor Law §200, §240 and §241(6), as per plaintiff's withdrawal of these claims, as well as violation of the OSHA sections, are dismissed.

The foregoing constitutes the decision and order of this court.

| 4/10/2025 | | | | |
|---|---|---|---|---|
| DATE | | | | HON. LESLIE A. STROTH J.S.C. |
| CHECK ONE: | | CASE DISPOSED | [X] | NON-FINAL DISPOSITION |
| | [ ] GRANTED | [ ] DENIED | | GRANTED IN PART | [X] OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**153785/2017 BUCKLEY, JOHN vs. WITKOFF GROUP, LLC**
**Motion No. 003 004 005 006**

Page 8 of 8

[* 8]