People v Mayers (2025 NY Slip Op 04919)

People v Mayers

2025 NY Slip Op 04919

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-09847
 (Ind. No. 577/16)

[*1]The People of the State of New York, respondent,
v
Keston Mayers, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Gregory R. Springsted of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Monica M. C. Leiter of counsel), for respondent.
Appeal by the defendant from an order of the County Court, Nassau County (Teresa K. Corrigan, J.), dated August 25, 2022. The order, insofar as appealed from, upon granting the defendant's motion pursuant to CPL 440.46-a(2)(a) to vacate a judgment of the same court rendered April 5, 2017, convicting him of criminal possession of marihuana in the second degree, upon his plea of guilty, substituted a conviction of criminal possession of cannabis in the second degree pursuant to CPL 440.46-a(2)(b)(ii).

DECISION & ORDER
By order to show cause dated June 16, 2023, the parties were directed to show cause before this Court why the appeal should not be dismissed on the ground that the order dated August 25, 2022, is neither appealable as of right nor by permission. By decision and order on motion dated August 28, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed.
In 2017, the defendant was convicted, upon his plea of guilty, of criminal possession of marihuana in the second degree, a class D felony, in violation of former Penal Law § 221.25. In March 2022, the defendant moved pursuant to CPL 440.46-a(2)(a) to vacate the judgment of conviction. The People opposed the defendant's motion to the extent that it sought complete vacatur of his conviction, but took no position on the defendant's motion to the extent that it sought to substitute his conviction under former Penal Law § 221.25 for a conviction under Penal Law § 222.35. In an order dated August 25, 2022, the County Court granted the defendant's motion only to the extent that the court "vacated and substituted" the defendant's conviction under former Penal Law § 221.25 with a conviction under Penal Law § 222.35, and "resentenced" the defendant upon the substituted conviction to the same sentence already completed upon the original conviction. The [*2]defendant purports to appeal from the order as of right pursuant to CPL 450.10(1).
"It is a fundamental precept of the jurisdiction of our appellate courts that no appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d 231, 242 [alteration and internal quotation marks omitted]; see People v Coulibaly, 198 AD3d 84, 86-87). CPL 450.10 defines the circumstances under which appeals are authorized as of right, and CPL 450.15 defines the circumstances under which appeals are authorized by permission.
In March 2021, New York State enacted the Marihuana Regulation and Taxation Act (L 2021, ch 92, § 1), which, among other things, repealed article 221 of the Penal Law, relating to marihuana offenses (L 2021, ch 92, § 15), added to the Penal Law a new article 222 relating to cannabis offenses (L 2021, ch 92, § 16), and added section 440.46-a to the Criminal Procedure Law, which provides a procedure for persons convicted of marihuana offenses under former Penal Law article 221 to petition for vacatur of their convictions, and for courts to substitute a conviction under former Penal Law article 221 for an appropriate lesser offense under Penal Law article 222 (see CPL 440.46-a[2][a]-[b]; People v Graubard, 214 AD3d 143, 146-147, 151). In 2023, CPL 440.46-a was amended to correct a scrivener's error in subdivision (2)(b)(ii), which is not directly relevant to this appeal (L 2023, ch 468, § 1; see People v Graubard, 214 AD3d at 150 & n).
No provision of the Criminal Procedure Law expressly provides for an appeal from an order deciding a motion pursuant to CPL 440.46-a. Nor does CPL 440.46-a include any provision authorizing an appeal. Although this Court previously addressed the merits of an appeal from an order deciding a motion pursuant to CPL 440.46-a, the issue of whether the order was appealable was not raised or considered by the Court (see People v Graubard, 214 AD3d at 146-147). Accordingly, the issue of the appealability of an order deciding a motion pursuant to CPL 440.46-a is one of first impression for this Court. The issue of whether a court's determination is reviewable on appeal is jurisdictional in nature, and may properly be raised sua sponte by the Court (see Dyszkiewicz v City of New York, 218 AD3d 546, 547).
The defendant contends that the County Court's substitution of his original conviction for a lesser offense constituted a new judgment of conviction, which is appealable as of right pursuant to CPL 450.10(1). We reject this contention. CPL 450.10(1) provides that a defendant may appeal as of right from a "judgment." As used in the Criminal Procedure Law, the term "judgment" is defined as "comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence" (id. § 1.20[15]). A "conviction," in turn, is defined as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument" (id. § 1.20[13]). A "sentence" is defined as "the imposition and entry of sentence upon a conviction" (id. § 1.20[14]).
Contrary to the defendant's contention, the County Court's order is not a "judgment" within the meaning of CPL 1.20, as it was not comprised of a conviction and sentence as those terms are defined by law. The procedure set forth under CPL 440.46-a(2)(b)(ii) for a court to "substitute" a conviction under former Penal Law article 221 for a lesser offense under Penal Law article 222 does not meet the definition of a "conviction," because the procedure does not involve "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument" (CPL 1.20[13]). To the extent that the court's order could be construed as an imposition of a sentence, it was not a sentence imposed and entered upon a conviction (see id. § 1.20[14]).
This Court cannot write into a statute a provision which the Legislature did not see fit to enact (see People v Weinstein, 42 NY3d 439, 453). If the Legislature intended to allow for appeals from an order deciding a motion pursuant to CPL 440.46-a, we implore the Legislature to amend the Criminal Procedure Law to provide for such appeals. As there is presently no statutory authority permitting appeals from an order deciding a motion pursuant to CPL 440.46-a, we are compelled to dismiss this appeal.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court