Rodriguez v 167, LLC (2025 NY Slip Op 06794)

Rodriguez v 167, LLC

2025 NY Slip Op 06794

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 304790/14|Appeal No. 5281-5282|Case No. 2024-00829, 2024-06646|

[*1]Nancy Rodriguez, Plaintiff-Appellant,
v
167, LLC, et al., Defendants-Respondents. 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for appellant.
Camacho Mauro, LLP, New York (Andrea Sacco Camacho of counsel), for respondents.

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 9, 2024, upon a jury verdict in defendants' favor dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about July 20, 2023, which denied plaintiff's motion, in effect, pursuant to CPLR 4404(a), to set aside the verdict and direct that judgment be entered in her favor as a matter of law or, alternatively, as against the weight of the evidence or in the interest of justice, unanimously affirmed, without costs. Appeal from order, same court (Julia I. Rodriguez, J.), entered on or about July 18, 2019, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously dismissed, without costs, as the right of direct appeal therefrom terminated with the entry of the judgment in the action, and the order does not necessarily affect the final judgment.
The appeal from the order denying plaintiff's motion for summary judgment on the issue of liability must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The appeal from the judgment does not bring this order up for our review because the denial of plaintiff's motion for summary judgment does not necessarily affect the final judgment (see CPLR 5501[a][1]; Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026 [2022]; Skrzynski v Akebono Brake Corp., 240 AD3d 1230, 1231-1232 [4th Dept 2025]; Dyszkiewicz v City of New York, 218 AD3d 546, 547-548 [2d Dept 2023]).
The jury's verdict that defendants were not negligent in failing to maintain their premises in a reasonably safe condition was neither against the weight of the evidence nor unsupported by legally sufficient evidence, and the court providently declined to set it aside (see Killon v Parrotta, 28 NY3d 101, 107-108 [2016]; Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). The jury's apparent decision to discredit plaintiff's husband's testimony that he observed the greasy and oily condition on the stairs for several days prior to plaintiff's accident is supported both by valid lines of reasoning and permissible inferences and a fair interpretation of the evidence. "Only a jury is constitutionally endowed with the right to pass on conflicting evidence, as well as the credibility of witnesses" (Swensson v New York, Albany Despatch Co., 309 NY 497, 505 [1956]).
A new trial is also not required in the interest of justice (see CPLR 4404[a]; Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381-382 [1976]). The court properly afforded plaintiff's counsel wide latitude to cross-examine defendants' witness about the inconsistency between his trial and deposition testimonies about who was the building's super at the time of plaintiff's accident. We further note that, because the jury only found that defendants were not negligent in failing to maintain their premises in a reasonably safe condition — the first question on the verdict sheet — it did not reach the questions of notice or damages. Thus, the jury's verdict does not appear to have been affected by either the change in defendants' witness's testimony or an allegedly inflammatory remark by defense counsel in summation
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025